McCRORY, Adm'x, etc., v. CHICAGO, M. & ST. P. RY. Co.

(*Circuit Court, D. Minnesota.* June 13. 1887.)

NEGLIGENCE—RAILROAD CROSSING—CONTRIBUTORY NEGLIGENCE.

The rule that a man must look and listen when approaching a railroad crossing, and if, by looking or listening, he can ascertain the approach of a train, he is guilty of contributory negligence if he fails so to do, applied to non-suit the personal representatives in an action against a railroad company to recover damages for the killing of deceased by defendant's train, it appearing that deceased, who was familiar with the scene of the accident, while approaching a crossing over defendant's tracks, was killed by an approaching train, the view of which was obscured by smoke, but which he must have seen had he waited a moment for the obstruction to blow aside

This action is brought by plaintiff, the personal representative of Charles McCrory, deceased, to recover damages for the killing of said McCrory by defendant's train. The testimony showed that plaintiff's intestate was last seen approaching on foot a crossing of defendant's track at Twenty-sixth avenue south, Minneapolis, Minnesota, about 75 feet from the track, a few minutes after 9 A. M., on the morning of January 24, 1886, and that he was run over and killed by a regular passenger train running between Minneapolis and St. Paul. It appeared that at the time of the accident a freight train from the east was going over the crossing, and the passenger train which caused the death of McCrory was approaching rapidly from the west, the latter train being on the track nearest deceased. It was admitted that the passenger train was running at a considerably higher rate of speed than was allowed by the ordinance of the city of Minneapolis,—from 18 to 24 miles an hour, the witnesses said, and the testimony was to the effect that no bell was rung or whistle sounded. It was admitted there was no flag-man at the crossing. It was also shown that at this point the country is flat, with but few houses in the immediate vicinity of the crossing, and that, when deceased was within 75 feet of the track, and from that point to the crossing, the view of the track on which the passenger train was approaching was entirely clear and unobstructed. Nobody seems to have witnessed the accident itself. The morning was very cold,—30 deg. below zero, according to the testimony of one witness,—with a strong wind from the northwest; and it was testified that the steam and smoke from the engines, instead of rising in the air, fell to the ground, and covered the tracks at the crossing, thus enveloping the deceased, and hiding him from view; and that probably the steam and smoke from the freight train obscured the approaching passenger train. After the introduction of plaintiff's testimony the defendant moved that the jury be instructed to find a verdict for the defendant, upon which the court gave the following opinion.

*C. K. Davis,* for plaintiff.

*W. H. Norris* and *Flandrau, Squires & Cutcheon,* for defendant.

BREWER, J. There is but one question to be determined. The railroad company was clearly negligent, not merely in violating the ordi-

nance by an excessive rate of speed, but also in approaching this crossing without signals. The only question is whether the deceased was guilty of contributory negligence. The rule laid down by the supreme court of the United States is, briefly, that a man must look and listen when approaching a railroad crossing; and if, by looking or listening, he can ascertain the approach of a train, he is guilty of contributory negligence if he fails so to do. There is no dispute in this testimony as to the facts. At the time of the accident no witness saw the deceased. He was seen just before the accident, about 75 or 100 feet from the crossing, approaching the track. He could see in either direction. A freight train was approaching from the east, and its rumble and roar, and perhaps its whistle, attracted his attention; and coming from the west was a passenger train. There was nothing to obstruct the vision towards the west except the matter of smoke. If he had looked, there being no smoke in the way, he must have seen the train, and there cannot be a shadow of a question but that he would have been guilty of contributory negligence, thus approaching the track without noticing it. Does this question of the smoke change the case? We must remember that he was familiar with that track, because he had crossed it daily during the two months prior thereto. He must have known that there were two tracks, and that a train was liable to come on each track; and if, when approaching a track, he finds anything which temporarily obstructs his vision, it is his duty to wait until the temporary obstruction is removed. He cannot say, "There is something temporarily obstructing my vision, but I will take it for granted that there is no danger," and undertake to cross the track. If it is a mere temporary obstruction, something that would pass away in a moment, as in this case,—a breath of wind moving the smoke,—he is guilty of contributory negligence if he pushes ahead with the knowledge that there is a track upon which a train may be approaching at any time. If the obstruction had been of a permanent character, and he had been where a single step would put him upon the track, then there might be some difference; but here the obstruction, if there were an obstruction, that prevented him from noticing the train, he must have known was but temporary; if he had waited but a moment, he would have seen that the track was not clear. The probabilities are that he saw and heard the freight train; heard its rumble and its whistle; saw it approach, and did not think anything about another train passing at the same time. This is probably the truth. If he came to the track, and found the air full of smoke, and could not see, or, if able to see, he did not look, then, and in either case, he is guilty of contributory negligence. So, whether he could see and did not look, or could not have seen and did not wait until that obstruction had passed away, is immaterial,—one or the other must have been true, and in either event he is guilty of contributory negligence. The law lays it down clearly that a man must look and listen. And if, by looking and listening, he could ascertain the approach of a train, and fails to do so, he is guilty of contributory negligence, and cannot recover.

Verdict ordered for the defendant.