J. B. McPHERSON, District Judge.
This motion challenges the correctness of the court’s instructions concerning the burden of proof. I have considered the plaintiff’s argument with care, but I am inclined to believe that it is based upon an erroneous view of the primary question that was submitted to the jury. It is no doubt true that a presumption of negligence arises against a carrier as soon as it has been proved that the injury which a passenger complains of was chargeable- to an appliance of transportation; but by the very statement of the rule it is necessarily implied that the essential fact of chargeableness must be proved before the presumption arises, and the ordinary burden of proof is upon the plaintiff to establish the fact upon which he must rely as the basis of the presumption. But this was precisely the disputed fact in the case now under consideration. The plaintiff’s averment was that his injury was caused by the management of an appliance of transportation, namely, the defendant’s train; while the defendant averred that the injury was caused by the plaintiff’s own careless descent from the steps of the car to the platform of the station. Evidence was offered to support each of these averments, and under these circumstances the burden of proof, as it seems to me, was necessarily upon the plaintiff to maintain the position that his injury was due to the management of the train. The court’s instructions simply were that he must bear this burden. Nothing was said about the presumption of negligence against the carrier, because the court had previously instructed the jury that, if the injury was caused as the plaintiff averred, the inference of the defendant’s negligence could scarcely be avoided. This is the language of the charge:
“His position is, that as this train approached the station he went toward the door and had reached it, or nearly reached it, when the train stopped; that he then went out upon the platform of the car, was descending the steps in order to pass from the car to the station platform, when the train gave a jerk, threw him down between the station platform and the steps of the ear, thus inflicting the injuries complained of. If that be the case, it seems to me, although it would be a question of fact for the jury, you would *967 have little difficulty in coming to the conclusion that there was negligence on the part of the railroad company, that they had not exercised due and proper care regarding a passenger about to alight at a station. It will be a question of fact for the jury under the evidence, but I assume, as counsel argued, although he has not said so in terms, that there would be no difference of opinion on that subject. Certainly, after a car came to rest, so that a passenger would have every reason to suppose he could alight in safety, then to have it start up, unexplained, would certainly justify the inference of negligence, and the jury might very well draw it.”
After these instructions, it was hardly necessary to say anything about the presumption of negligence. The case presented conflicting testimony, fairly balanced, and I see no ground upon which the verdict should be disturbed.
The motion for a new trial is therefore refused.

 1. Burden of proof of negligence where passengers have been injured, see note to Northern Ry. Co. v. Myers, 32 C. C. A. 23.
See Carriers, vol. 9, Cent. Dig. §§ 1283, 1286.