CAVIN v. SOUTHERN PAC. CO.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1905.)

No. 1,113.

CARRIERS—ACTION BY RAILWAY MAIL CLERK FOR PERSONAL INJURY—INSTRUCTIONS.

In an action by a railway mail clerk against a railroad company to recover for injuries received through the alleged negligence of defendant in operating its road, where the court correctly instructed the jury that defendant owed to plaintiff the same degree of care as to a passenger for hire, which was the highest degree of care, skill, and foresight consistent with the carrying on of its business, further instructions that the care required was such only as "a prudent and careful person would generally exercise to prevent injury in the management of business attended by danger," and such "as skillful men engaged in that kind of business might fairly be expected to use under like circumstances," were inconsistent with the first, and erroneous, as not requiring the high degree of care exacted by the law from carriers of passengers.

In Error to the Circuit Court of the United States for the Northern District of California.

J. T. Houx and Houx & Barrett, for plaintiff in error.
P. F. Dunne, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The plaintiff in error was plaintiff in the court below in an action for damages for injuries received by him

when the train on which he was employed as a mail clerk was derailed at a washout on the defendant company's track near Mills City, in the state of Nevada, about 5:25 a. m. of the 17th day of February, 1901. The complaint counted on the alleged negligence of the company in the construction of the track at the place of the derailment, and in the care and inspection thereof. The answer of the company put in issue the charge of negligence on its part, and averred that the alleged injuries were caused without fault on its part. The court below correctly instructed the jury that:

"The defendant owed the same degree of care to the plaintiff, as a mail clerk riding in the mail car in charge of the United States mail, as it did to passengers for hire upon said train; and that care is prescribed by law to be the highest degree of care, skill, and foresight consistent with the carrying on of its business."

It is manifest that if, as we think, and as the court below first told the jury, the law exacted of the defendant company the highest degree of care, skill, and foresight consistent with the carrying on of its business, the court was in error in subsequently instructing the jury as it did, in effect, that the degree of care required of the carrier was such only as "a prudent and careful person would generally exercise to prevent injury in the management of a business attended by danger," or that degree of care and prudence "which a very cautious and prudent person would have used under the known or apparent circumstances of the case," or such "as skillful men engaged in that kind of business might fairly be expected to use under like circumstances." These latter instructions were not only inconsistent with that first given, but do not measure up to the standard of care exacted by the law of carriers of passengers. See Stokes v. Saltonstall, 13 Pet. 181, 10 L. Ed. 115; Railroad Company v. Pollard, 22 Wall. 341, 22 L. Ed. 341; Gleeson v. Virginia Midland Railroad Co., 140 U. S. 435, 443, 11 Sup. Ct. 859, 35 L. Ed. 458.

The judgment is reversed, and the cause remanded to the court below for a new trial.