IRVINE v. DELAWARE, L. & W. R. CO.

(Circuit Court of Appeals, Third Circuit. February 11, 1911.)

No. 1,429 (No. 90).

1. CARRIERS (§ 280*)—INJURIES TO PASSENGERS—CARE REQUIRED.

While a carrier of passengers is not an insurer of their safety, it is bound to use the utmost care to guard against the possibility of accident arising from the condition of its road, machinery, and appliances used in transportation, or from the conduct and control or any defect in such conduct or control of its transportation business.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1117; Dec. Dig. § 280.*]

2. CARRIERS (§ 316*)—INJURIES TO PASSENGERS—BURDEN OF PROOF.

In an action against a carrier for injuries to a passenger, the burden of proof in the first instance rests on the plaintiff; but, under certain circumstances, it may shift to the defendant to rebut a presumption of negligence arising from such circumstances.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261–1294; Dec. Dig. § 316.*]

3. CARRIERS (§ 321*)—INJURIES TO PASSENGERS—RES IPSA LOQUITUR.

Where, in an action for injuries to a passenger while attempting to board a train, the sole issue raised by the evidence was whether there had been any such sudden movement or jerk of the train as alleged, the court properly refused to charge that, if plaintiff was a passenger and was injured while she was in the exercise of ordinary care, such facts were prima facie evidence of defendant's negligence and liability; the rule of res ipsa loquitur being unavailable to create a liability not within the issues as made.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1326–1343; Dec. Dig. § 321.*]

4. CARRIERS (§ 321*)—INJURIES TO PASSENGERS.

Where, in an action for injuries to a passenger by an alleged premature start of the train throwing her to the ground, the jerk of the train was denied, and the court charged that, if there was no jerk, there was no negligence, in which event defendant was not bound to show how plaintiff's hip was broken, whether she fell from the platform or caught her skirt, etc., there was no error in granting defendant's further request to charge that if plaintiff accidentally slipped from the steps of the car to the ground, or stumbled and fell before reaching the steps, she could not recover.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1326–1343; Dec. Dig. § 321.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the District of New Jersey.

Action by Laura A. Irvine against the Delaware, Lackawanna & Western Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Louis Hicks, for plaintiff in error.

M. M. Stallman, for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. The action in this case was brought by the plaintiff in error against the defendant in error, to recover damages for personal injuries which the plaintiff alleged she sustained while a passenger on defendant's railroad. The declaration is in two counts, the first charging that the plaintiff, having purchased a ticket from the defendant entitling her to be carried as a passenger from East Orange to Hoboken, boarded a car of the defendant company for that purpose as a passenger, at the station maintained by defendant at East Orange, and that defendant, failing in its duty, etc., negligently, carelessly, etc., operated and ran its said car and locomotive attached thereto, and by reason of such negligence, etc., of defendant and its servants, plaintiff was violently thrown from said car to the ground, and thereby sustained the injuries complained of, without any fault or contributory negligence on the part of the plaintiff. The second count, with the same preliminary statement, charges that, after plaintiff had paid to the defendant her fare, in consideration therefor the defendant invited the plaintiff to enter upon a car of said train as a passenger; that thereupon, pursuant to said invitation, plaintiff stepped upon the steps of said car, and while she was ascending the same, defendant, without warning to plaintiff, and without allowing to plaintiff sufficient time within which to ascend the steps of said car, negligently, carelessly and recklessly started and jerked said car and its locomotive attached thereto, by reason of which negligence, etc., plaintiff was violently thrown to the ground and thereby sustained the injuries complained of. And this, without fault or contributory negligence on her part.

The only testimony adduced by plaintiff in support of this charge, was that of the plaintiff herself and of the coachman who had driven her to the station, and who was sitting in his carriage some distance from the train at the time of the accident. The plaintiff testified that, as she was in the act of boarding the train, and was on the first or lower step of one of the cars, and was about to place one foot upon the second step, the car gave a sudden jerk or movement, which loosened her hold upon the hand rail and threw her to the ground, whereby she sustained the injuries complained of. The coachman, in his testimony, corroborated that of the plaintiff, especially as to the jerk or movement of the train. Twelve or thirteen witnesses were called by the defendant, including the conductor and trainmen. Others were passengers on the train, all of whom, or the greater number of whom, testified that they recalled the accident and declared with more or less

positiveness that there was no jerk or other movement of the train after it stopped at the station and while the plaintiff was boarding the car. It thus appears from the record that the case throughout was tried upon plaintiff's theory, as stated in the second count of her declaration and supported by her own testimony and that of the coachman who had driven her to the station, viz., that she was thrown by a sudden movement or jerk of the train from the steps of the car she was attempting to enter. Upon this evidence, the court submitted the case to the jury, who returned a verdict of "not guilty." The trial court allowed, and subsequently discharged, a rule to show cause why the verdict should not be set aside.

The assignments of error, all except two, are founded upon exceptions to the refusal of the court below to charge as requested by the plaintiff. In different forms, they raise two principal questions. The gravamen of most of them, however, is involved in the second assignment of error, which is, that the plaintiff having requested the court to charge the jury as follows:

"If the jury find from the evidence that plaintiff was a passenger upon the car of defendant and was there injured while she was in the exercise of the ordinary care of a. reasonably prudent person in her situation, such facts are prima facie evidence of defendant's negligence and liability."

The court refused this request, except as charged.

As shown above, the case was tried upon the narrow issue presented by the pleading and the plaintiff's own testimony. The act of the defendant complained of was the sudden jerk or movement of the car as plaintiff was boarding it. No other cause of the accident which befell her was suggested, and every other possible cause of the accident, resulting from the conduct of the defendant, or from happenings over which it had control, was thus, so far as its presentation by plaintiff was concerned, eliminated from the case and from the consideration of the jury. In submitting this narrow issue to the jury, the court was entirely fair to the plaintiff. It presented the case to them with the instruction, that, if they believed the train was jerked or moved as described by the plaintiff in her testimony, the defendant had not explained the same or rebutted the presumption of negligence arising therefrom. As a matter of fact, the defendant did not attempt to rebut such presumption of negligence as would have arisen from the fact of the bump or jerk, as described by the plaintiff as having occurred, but denied the happening itself of any such movement or jerk of the train, and produced the testimony of numerous witnesses in support of this denial. In the course of its charge, the learned judge of the court below said to the jury:

"Now, it has not been denied on the part of the defendant that if this testimony is true, that if the accident had happened under such circumstances, the defendant company would be liable. It was practically so admitted by the defendant in the opening of the case. You understand what their defense is. If Mrs. Irvine was injured in the way she has testified and thrown from the platform to the ground, it would call for an explanation by the defendant. and if it was not explained you would have to find negligence on the part of the defendant company."

Further on in his charge, the trial judge said:

"Now, gentlemen, that is the crux of this case—the sudden jerk of the car which caused this injury. If you find that this start or jerk took place and the plaintiff was thereby thrown, the plaintiff is entitled to a verdict, and if not, the defendant is entitled to it. So far as the defendant is concerned, all their witnesses say that it didn't."

The theory upon which the case was submitted to the jury is further shown in the opinion of the trial judge, in refusing the motion for a new trial. He says:

"The point at issue was a narrow one, and the clear weight of the evidence apparently lay with the defendant. * * * The only allegation of the declaration, however, relied upon at the trial, and towards which the evidence was directed, was that the train of the defendant's cars suddenly jerked and started while the plaintiff was on the steps of one of them, in the act and with the intention of entering it as a passenger. * * * So far as the evidence discloses, the defendant was negligent in the respect mentioned, or not at all. Aside from that, there is absolutely no evidence in the case showing that the defendant was negligent or otherwise lacking in any duty which it owed her as a passenger. Plaintiff's counsel contends, if I understand his argument, that the doctrine of res ipsa loquitur applied. If this were admitted, the res was nevertheless explained, * * * so far as it could be explained, by showing that the train did not jerk or start. Of course, if the jerk or start had been admitted, or not denied by the defendant, a case of prima facie negligence would have been shown, which, in the absence of explanation, would have required a verdict for the plaintiff, unless she was guilty of contributory negligence."

Under the facts and circumstances of the case, as disclosed by the pleadings and evidence, we think the learned judge of the trial court was right in his conception of the law applicable thereto. Counsel for plaintiff in error seems to have misconceived the true reason and philosophy of the rule as to the burden of proof in the present case and the class of cases he has cited to the court. There was no controversy in the court below, nor is there any here, as to the measure of duty imposed upon a common carrier to the passenger whom it has undertaken to carry for hire. It is well settled that, while the common carrier of passengers is not an insurer of the safety of its passengers, yet it is bound to use the utmost care to guard against the possibility of accident arising from the condition of its road, machinery and appliances used in transportation or from the conduct and control, or defect of such conduct or control of its transportation business.

Neither can there be any controversy that, while in an action by a passenger against a carrier for alleged negligence resulting in injury to the passenger, the burden of proof as to negligence rests, in the first instance, upon the plaintiff, that burden may, under certain circumstances, shift to the defendant to rebut a presumption of negligence arising from such circumstances. It might perhaps be said that, even in such a case, it is not so much a shifting of the burden of proof as the permitting of a presumption, which is, after all, a species of evidence, or at least a substitute for evidence, to be availed of by the plaintiff in supporting his own burden of proof. Be this as it may, and it is merely academic as far as this case is concerned, the impor-

tant matter for present determination is, what are the circumstances upon which such a presumption of negligence may arise?

The first instruction asked for by the plaintiff below, the refusal of which is the ground for the second assignment of error, is, as already quoted:

"If the jury find from the evidence that plaintiff was a passenger upon the car of the defendant, and was there injured while she was in the exercise of ordinary care, * * * such facts are prima facie evidence of defendant's negligence and liability."

This is the proposition to which the plaintiff in error's counsel has devoted the principal part of his argument before the court, and as set out in his brief. If the word "injured" or "injury" is used, not in its juristic sense, as connoting a tort and therefore implying the wrongful act of some one by which another suffers, but, in its colloquial sense, meaning any "hurt" or "damage," as in this case, to the person of the passenger (and that seems to be the contention of the plaintiff in error), it hardly needs argumentation to show its fallacy. The law is not so unreasonable in the trial of an action in tort, as to found a presumption of guilt on facts or occurrences entirely dissociated by the pleadings or evidence from the defendant's agency as the proximate cause thereof. But, according to the contention of the plaintiff in error, a passenger who by reason of weakness or momentary vertigo, or by reason of the ordinary and regular movement of the train, should fall in the aisle of the car and suffer hurt or damage, would be permitted, in an action against the carrier company, to rest upon a presumption of negligence, as arising from the mere fact that he was injured or hurt, and to throw upon the defendant the burden of negativing negligence on its part. Such a proposition is as unsupported by authority as it is by reason. The counsel for the plaintiff in error has founded his argument upon what we have said was a misconception of the true meaning of the doctrine established by the decisions to which he has referred. This misconception has apparently arisen from considering certain language in the reported opinions of the cases, apart from the facts and circumstances with reference to which the opinions were announced. The case upon which much reliance is placed, is Railroad Co. v. Pollard, 22 Wall. 341, 346 (22 L. Ed. 877). It must therefore be critically examined. The report, so far as the question now before us is concerned, is very meager, and there was little or no discussion of that question by the Supreme Court, and, as it appears, little or none by the trial judge of the court below. It is stated that, at the close of the evidence in the court below, plaintiff's counsel requested the court to charge:

"That while the plaintiff was bound to satisfy the jury that the injury was caused by the negligence of the defendants, if from the evidence the jury were satisfied that the injury was occasioned while Mrs. Pollard was a passenger on defendant's road, and that she was in the exercise of ordinary care, namely, that degree of care which may reasonably be expected from a person in her situation, this would be prima facie or presumptive evidence of the defendant's liability; and that the plaintiff would not be required to show by what particular acts of misconduct or negligence on the part of the defendants the injury was occasioned."

It also stated (page 346 of 22 Wall., 22 L. Ed. 877) that:

"The court charged that the law, as decided by this court in Stokes v. Saltonstall, 13 Pet. 181 [10 L. Ed. 115], was in accordance with what the request thus made assumed it to be."

Defendant excepted to this charge of the court, and the only thing said by the Supreme Court in regard to the exception was (page 350 of 22 Wall., 22 L. Ed. 877):

"It is conceded that the part of the charge excepted to is fully sustained by the decision of this court in Stokes v. Saltonstall. We see no necessity for reconsidering that case."

Before leaving this case, it is necessary to look at the facts of the case, as they appeared in the trial court, and as stated in the report of the case before the Supreme Court. The plaintiff was journeying as a passenger from Philadelphia to New York, in one of the trains of the defendant company. When within about 100 yards of the depot at Jersey City, the whole train was switched off upon a siding, and in the operation of "drilling" the four passenger cars backwards and forwards, in one of which was the plaintiff, one car bumped against another with a certain degree of force, and the plaintiff, who was standing, was thrown against the arm of the seat in which she had been sitting, receiving the injuries complained of. The case, therefore, both in the court below and in the Supreme Court, must be considered with reference to the facts stated to have been alleged and proved.

We now turn to the Saltonstall Case, upon which the Pollard Case, as regards the point now under consideration, was rested by the Supreme Court. In that case, the plaintiff was a passenger in a stage-coach of the defendants, who were common carriers of passengers. While being driven on an open road in daylight, the coach was upset, whereby the plaintiff received the injuries complained of, and the Supreme Court, in affirming the judgment of the court below, in favor of the plaintiff, decided, among other things, that:

"The facts that the carriage was upset and the plaintiff's wife injured, are prima facie evidence that there was carelessness or negligence, or want of skill on the part of the driver, and cast upon the defendant the burden of proving that the accident was not occasioned by the driver's fault."

Here, then, as in the Pollard Case, there was a distinct act or happening in the course of the conduct of the business of the defendant, out of the ordinary routine of that business, when properly conducted, upon which the presumption of negligence rests, throwing upon the defendant in the one case the burden of showing how the car in which the passenger was riding came to be violently struck or "bumped," thus occasioning the injury; and in the other, how the coach came to be upset when proceeding along the highway. Both of these happenings were connected with the operation of the carrier's business, and constitute the facts or circumstances on which a presumption of negligence is allowed.

The rule of presumption of negligence applied in both of these cases, is entirely different from that contended for by the plaintiff in error. The learned counsel for the plaintiff in error also cites, in support

of his contention, Gleeson v. Virginia-Midland R. Co., 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458. In that case, the plaintiff, a railway postal clerk, while traveling in a postal car of the defendant and over its road, was injured by reason of the. train being derailed by a landslide which had occurred in 'a railway cut, the force of the collision having thrown the plaintiff against a stove and letter box. Here again, we have a distinct fact, viz., the derailment and collision of the train while being operated by the defendant, a happening not usual in the ordinary and properly conducted operation of the carrier's business— a distinct proximate cause of the injuries complained of, and presumably connected with the business of the defendant. The plaintiff's counsel, however, dwells upon the following language of the Supreme Court, as supporting his contention:

"Since the decisions in Stokes v. Saltonstall, and Railroad Co. v. Pollard, it has been settled law in this court that the happening of an injurious accident is in passenger cases prima facie evidence of negligence on the part of the carrier, and the passenger being himself in the exercise of due care, the burden then rests upon the carrier to show that his whole duty was performed. * * * When he (the plaintiff) proves the occurrence of the accident, the defendant must answer that case from all the circumstances of exculpation."

It is necessary to again observe that the language of the court must be applied to the facts of the case, and that this case is, no more than the preceding, an authority for the proposition contended for by the plaintiff in error.

Mr. Justice Lamar, who delivered the opinion of the Supreme Court in this case, cites approvingly the leading and often cited case of Kerney v. London, etc., Ry., L. R. 6 Q. B. 759. There, the plaintiff had been injured while walking along a public highway, by a brick which fell from a pier in defendant's bridge. A train had just passed, and counsel for defendant submitted that there was no evidence of negligence. There, the doctrine of res ipsa' loquitur was applied by Chief Justice Cookburn. The falling of the brick was something out of our ordinary experience, as bricks in such structures are expected to remain in the places in which they are set, and the falling out was presumably due to want of proper inspection and care by the defendant. This and other cases referred to by the learned justice fully displayed the principle upon which the doctrine of res ipsa loquitur is applied. It should be noted, however, in passing, that the word "accident," as used in this case and many others, is not to be held to mean merely the wound or damage to the person of the defendant, but signifies the unexpected or unusual happening or event which causes such hurt or damage, and an injurious accident is, therefore, a happening which causes injury, i. e., hurt or damage, and in the connection in which we are now considering the word, it imports an efficient and proximate cause of the hurt or damage suffered by the complainant. A man is run over in the street by a vehicle. It is spoken of as an accident. The sudden and unexpected and unintended impact of the carriage against his person constitutes the accident which may, or may not, have been caused by negligence; it is not merely the hurt resulting therefrom to such person. The case at bar, as presented by the plain-

tiff to the trial court, is a good example of the distinction we are dwelling upon. She there asserted and produced testimony tending to prove that she was thrown down by the sudden and unexpected jerk of the car she was boarding. This was an exterior cause, presumably within the control of the defendant, connected with the transaction of its business, and upon this accident is properly raised the presumption of negligence. It is hardly necessary to quote at length from the cases cited by counsel for the plaintiff in error on this point. We have examined them all, and in every one of them in which this rule of presumption has been stated, it will be found, as pointed out by counsel for defendant, the fact of an accident or injurious act was admitted or not denied, and it was with reference to this act of the defendant that the question of presumption of negligence arose, and not to the mere hurt or damage of the plaintiff.

In Cincinnati Traction Co. v. Leach, 169 Fed. 549, 95 C. C. A. 47, the plaintiff fell from the rear platform of a trolley car, on which he was permitted to ride, by reason of defective fastenings.

In So. Pac. Ry. v. Cavin, 144 Fed. 348, 75 C. C. A. 350, the train was derailed by a washout, for which liability was denied.

In Inland & Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270, the plaintiff was injured by the steamboat coming into violent collision with her pier.

In Bryce v. Southern Ry. (C. C.) 122 Fed. 709, the car in which plaintiff was riding was derailed and rolled down the embankment.

In Southern Ry. v. Myers, 87 Fed. 149, 32 C. C. A. 19, a sleeping car was derailed and rolled down the bank.

In T. & P. Ry. v. Gardner, 114 Fed. 186, 52 C. C. A. 142, the train started before the plaintiff could board it.

In all these cases, it will be observed that the happening or act is connected with the conduct or business of defendant, and constitutes the injurious accident complained of. There is nothing we have found in the books to controvert the distinction we have been endeavoring to make or to support the contention of the plaintiff in error. A recent writer on Negligence thus sums up the principles to be deduced from the long list of cases cited by him:

"In such cases, the rule of res ipsa loquitur applies, and when that which causes the injury is shown to have been under the management and control of the carrier or its servants, and furnished and applied by it, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation, that the accident arose from want of care, and there is said to be a presumption of negligence sufficient to entitle the plaintiff to go to the jury." Moore on Carriers, 772.

Thompson, in the last edition of his exhaustive work on Negligence (volume 3, § 2756), says:

"It has been pointed out by an able judge, that the presumption which arises in this case does not arise from the mere fact of injury, but from a consideration of the cause of the injury. Thus it was said by Ruggles, J.: 'A passenger's leg is broken while on his passage in the railroad car. This mere fact is no evidence on the part of the carrier until something further be shown. If the witness who swears to the injury testifies also that it was caused by a crush in a collision with another train of cars belonging to the

same carriers, the presumption of negligence might arise—not however from the fact that the leg was broken, but from the circumstances attending the fact. * * * As shown by other decisions, the meaning of the foregoing doctrine is, that the mere fact that a passenger has sustained some injury of an unknown or obscure character, proceeding from an unknown or obscure source, while in transit in the carrier's vehicle, does not of itself raise the presumption that the injury proceeded from the negligence of the carrier. The presumption arises from a consideration, collectively, of the fact of the injury, and of the kind or source of it. The fact of an injury alone is not sufficient. It must be traced to the carrier.' "

The rule of presumption thus so clearly stated by these text writers, is in entire consonance, as we have already shown, with the decisions of the Supreme Court in Railroad v. Pollard, Stokes v. Saltonstall, and Gleeson v. Railway Co., supra, and with every other of the numerous cases in federal and state courts that have been brought to our attention. We close the discussion of this point with the following extract from the opinion of Judge McPherson in Kefauver, v. Phila. & R. Ry. (C. C.) 122 Fed. 966, which expresses with great clearness the rule applicable in the class of cases we have been considering:

"It is no doubt true that a presumption of negligence arises against a carrier as soon as it has been proved that the injury which a passenger complains of was chargeable to an appliance of transportation; but by the very statement of the rule it is necessarily implied that the essential fact of chargeableness must be proved before the presumption arises, and the ordinary burden of proof is upon the plaintiff to establish the fact upon which he must rely as the basis of the presumption."

The only other point that requires our attention, is that raised by the assignment of error to the affirmance by the court of the defendant's request to charge as follows:

"If the plaintiff accidentally slipped from the steps to the ground, or stumbled or fell before reaching the steps, she cannot recover."

The court had previously said in its charge:

"If there was no jerk, then there was no negligence on the part of the defendant. They were not obliged under these circumstances to explain how she broke her hip, whether she fell from the platform or caught her skirt. They were not obliged to show that."

The language of the request affirmed by the court was merely in line with this statement of the court to the jury, and further, it illustrated by a concrete example that, under the evidence and presentation of the case, they were confined to the consideration of the question, whether the accident happened by reason of a jerk or sudden movement of the car of the defendant's train. If the jury were properly confined to this issue, it could not be error to tell them that, if the plaintiff fell by reason of some other accident, or stumbled before she reached the car, she could not recover.

There are no other assignments of error that require our consideration, and for the reasons stated, the judgment below is affirmed.