MEMPHIS ST. RY. CO. v. BOBO. SAME v. MOORE. SAME v. McCOY.

(Circuit Court of Appeals, Sixth Circuit. June 6, 1916.)

Nos. 2790, 2842, 2843.

1. COURTS ⬳311—FEDERAL COURTS—JURISDICTION.
   The jurisdiction of the federal courts upon diversity of citizenship depends upon the personal citizenship of the parties of record, and not upon the citizenship of the parties whom they represent.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 858; Dec. Dig. ⬳311.]

2. COURTS ⬳259—FEDERAL COURTS—JURISDICTION.
   The jurisdiction of the federal courts arising from diversity of the citizenship of the parties cannot be impaired or annulled by state statutes.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 795, 796; Dec. Dig. ⬳259.]

3. COURTS ⬳259—RESIDENCE—ADMINISTRATOR—ACTION FOR DEATH.
   Under Acts Tenn. 1903, c. 501, declaring that, whenever a nonresident qualifies as an executor or administrator of a person dying in or leaving property in the state, he shall, for the purpose of suing or being sued, be treated as a citizen of the state, a nonresident administrator of one killed while riding on the car of a Tennessee street railway company may sue in the federal courts, for the statute must be construed as relating to suits in the state courts, and not as intending to attempt to deprive the federal courts of their jurisdiction.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 795, 796; Dec. Dig. ⬳259.]

4. CARRIERS ⬳280(1)—CARRIAGE OF PASSENGERS—DUTY OF CARE.
   It is the duty of a carrier of passengers to exercise the highest degree of care and caution approved by human experience, consistent with the nature, extent, and operation of its business.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1088, 1102, 1106, 1109; Dec. Dig. ⬳280(1).]

5. CARRIERS ⬳300—CARRIAGE OF PASSENGERS—NEGLIGENCE.
   Where the conductor of a street car, who preceded the car in order to signal the motorman when to cross the tracks of a steam railroad company, signaled to the motorman to cross, although the smoke and steam of a passing train obscured his view in one direction, so that he could not see

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

an approaching train, which struck the car, he was guilty of negligence as a matter of law, though the conductor had no reason to anticipate another train at that hour, rendering the street car company liable to its passengers injured.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1211, 1212; Dec. Dig. ⚖➡300.]

**6. WITNESSESS ⚖➡267—EXAMINATION—CROSS-EXAMINATION.**
Where a witness was fully cross-examined as to a matter, the trial judge, in his discretion, may refuse to permit further repetition.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 923–930; Dec. Dig. ⚖➡267.]

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Actions by J. W. Bobo, administrator of the estate of Walter Owens, deceased, by S. C. Moore, administrator of the estate of Ivy B. Douglas, deceased, and by E. O. McCoy against the Memphis Street Railway Company. There were judgments for plaintiffs, and defendant brings error. Affirmed.

Roane Waring, of Memphis, Tenn., for plaintiff in error.

Caruthers Ewing, of Memphis, Tenn., for defendant in error Bobo.

W. Crabtree, of Memphis, Tenn., for defendants in error Moore and McCoy.

Before KNAPPEN and DENISON, Circuit Judges, and SESSIONS, District Judge.

SESSIONS, District Judge. The Memphis Street Railway Company (defendant) operates an interurban electric railway from the city of Memphis to the town of Raleigh, running east and west through the town of Binghamton, where it crosses at right angles the double tracks of the Illinois Central Railroad. On September 17, 1914, at about 6:30 p. m., a train of defendant's cars, consisting of a motor car and a trailer, approached this crossing from the west and stopped to allow a long southbound freight train to pass upon the west set of the Illinois Central tracks. While the freight train was passing, the conductor of the electric train stood upon the ground near the front of the motor car. Immediately after the southbound train had cleared the crossing, the conductor walked east across both tracks and signaled his train to come ahead. At that time his view south was obstructed by a cloud of dust and smoke from the southbound freight train. In obedience to the signal so given the motorman started his cars, and when the trailer was upon the east Illinois Central tracks it was struck by a northbound freight train, and many passengers were killed and injured. Walter Owens and Ivy B. Douglas were killed, and E. O. McCoy was seriously injured. Hence these suits.

[1-3] In each of the two suits brought by administrators, the jurisdiction of the United States District Court for the Western District of Tennessee is challenged upon the alleged ground of want of the requisite diversity of citizenship of the parties. The defendant is a citizen of Tennessee. The administrators J. W. Bobo and S. C. Moore,

are both nonresidents of Tennessee and citizens of other states. A statute of Tennessee (chapter 501, Acts of 1903) provides:

"That whenever a nonresident of the state of Tennessee qualifies in this state as the executor or administrator of a person dying in or leaving assets or property in this state, that for the purposes of suing or being sued, he shall be treated as a citizen of this state."

The insistence of the railway company is that, by virtue of this statute, "when a nonresident of Tennessee qualifies as administrator of an estate of a resident of Tennessee, that nonresident becomes a citizen of Tennessee." This contention cannot be sustained. It must be assumed that the state Legislature by this statute intended to fix the status of nonresident executors and administrators as litigants in the courts of Tennessee, and did not intend to interfere with rights which are granted by the federal Constitution and the acts of Congress. Doubtless the state Legislature could have denied to nonresidents the right or privilege to act as executors or administrators of the estates of deceased residents of the state (In re Mulford, 217 Ill. 242, 75 N. E. 345, 1 L. R. A. [N. S.] 341, and note, 108 Am. St. Rep. 249, 3 Ann. Cas. 986), but no attempt has been made so to do. On the contrary, the right of a nonresident to act as administrator of an estate in Tennessee is expressly recognized by this legislation. No attempt is made to convert an actual nonresident into a citizen of Tennessee, or to provide for the revocation of, the letters of administration of a nonresident administrator in case he avails himself of his constitutional right to bring suit in the proper court of the United States.

In each of these cases the administrator. is acting under permission and authority granted to him by the state and is a citizen of another state. No question is raised as to his right to administer on the decedent's estate. It is settled that the jurisdiction of the federal courts depends upon the personal citizenship of the parties to the record, and not upon the citizenship of the parties whom they represent. Rice v. Houston, 13 Wall. 66, 20 L. Ed. 484; Amory v. Amory, 95 U. S. 186, 24 L. Ed. 428; Mexican Cent. Ry. Co. v. Eckman, 187 U. S. 429, 23 Sup. Ct. 211, 47 L. Ed. 245; Continental Ins. Co. v. Rhoads, 119 U. S. 237., 7 Sup. Ct. 193, 30 L. Ed. 380; C. H. & D. R. Co. v. Thiebaud (C. C. A. 6) 114 Fed. 918, 922, 52 C. C. A. 538; Bishop v. B. & M. R. R. (C. C.) 117 Fed. 771.

It is also settled that the jurisdiction of a federal court arising from diversity of citizenship of the parties to the suit cannot be impaired or annulled by a state statute. Hess v. Reynolds, 113 U. S. 73, 77, 5 Sup. Ct. 377, 28 L. Ed. 927; Ellis v. Davis, 109 U. S. 485, 498, 3 Sup. Ct. 327, 27 L. Ed. 1006; Hyde v. Stone, 20 How. 170, 175, 15 L. Ed. 874; Harrison v. St. L. & San Francisco R. R., 232 U. S. 318, 34 Sup. Ct. 333, 58 L. Ed. 621, L. R. A. 1915F, 1187; Barrow Steamship Co. v. Kane, 170 U. S. 100, 111, 18 Sup. Ct. 526, 42 L. Ed. 964; Herndon v. C., R. I. & P. Ry. Co., 218 U. S. 135, 30 Sup. Ct. 633, 54 L. Ed. 970; Madisonville Traction Co. v. Mining Co., 196 U. S. 239, 253, 25 Sup. Ct. 251, 49 L. Ed. 462; Cable v. U. S. Life Ins. Co., 191 U. S. 288, 306, 24 Sup. Ct. 74, 48 L. Ed. 188; Donald v. Philadelphia, etc., Co.,

241 U. S. 329, 36 Sup. Ct. 563, 60 L. Ed. ——, decided by the Supreme Court May 22, 1916.

[4, 5] Coming, then, to the merits of the cases: The alleged errors in the trials all cluster about the question of whether, under the evidence in each case, the court would have been justified in directing a verdict for the plaintiff as to the negligence and consequent liability of the defendant. The question of the negligence of the conductor of this train at the time of the accident was submitted to the jury, but under instructions which required the jury to find that he was negligent if "his view down the track was cut off or was so obscured by smoke and dust incident to the passage of the southbound Illinois Central Railroad Company train that he could not see the train" and if he did not delay "signaling the street car ahead for a reasonable time to allow the smoke and dust to settle, rise or float out of the way so as not to obstruct his view down the track." The evidence shows beyond dispute that the conductor's view down the track to the south was temporarily obscured and obstructed by the dust and smoke from the train which had just passed, that but for the dust and smoke he could have seen the approaching train if he had looked, that he did not wait for the dust and smoke to pass away before signaling the street car to come upon the crossing, and that he did not see the approaching northbound train until the accident was inevitable. Hence the effect of the instructions given was a directed verdict against the defendant upon the question of its liability.

The defendant rested its defense upon the theory that the street car conductor had good reason to believe, from the usual operation of trains at that place, that there would be no train approaching from the south at that time, and had a right to assume that, if a train was coming, its engine would be equipped with a proper headlight and it would give warning of its approach by bell or whistle or both, and that, if he acted upon such belief and assumption and used reasonable care, he was not negligent in signaling the car to cross the tracks without waiting for the dust and smoke to clear away. This theory was embodied in several requested instructions to the jury which were refused.

Defendant's contention entirely ignores the radical and fundamental difference between the degree of care for his own safety required of the user of a highway at a railroad crossing and that imposed upon a carrier for the protection of its passengers. The law exacts from the former the use of reasonable care only, while it demands from the latter the exercise of the greatest and highest degree of care and caution approved by human knowledge and experience and consistent with the nature, extent and operation of its business. Indianapolis & St. L. R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898; Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141; N. Y., N. H. & H. R. Co. v. Lincoln, 223 Fed. 896, 139 C. C. A. 334; Pittsburgh Rys. Co. v. Givens, 211 Fed. 885, 888, 128 C. C. A. 263; Ramjak v. Austro-American S. S. Co., 186 Fed. 417, 108 C. C. A. 339; Irvine v. D. L. & W. R. Co., 184 Fed. 664, 106 C. C. A. 600; Cavin v. Southern Pacific Co., 136 Fed.

592, 69 C. C. A. 366; Railroad v. Kuhn, 107 Tenn. 106, 64 S. W. 202; 4 Ruling Case Law, 1144 et seq.

The street car conductor had in his keeping the lives and safety of the passengers upon his train. The railroad tracks which he was compelled to cross were a plain warning of danger. He knew that trains might be running upon those tracks at any time. He also knew that the cloud of dust and smoke which obstructed his view to the south would be scattered and dissipated in a few moments. By the exercise of even a moderate degree of care, caution, and diligence he could have known of the approach of the northbound train and thus have prevented an appalling disaster. Whatever might be the effect of his own negligence, if the conductor were here seeking to recover damages from the Illinois Central Railroad Company for injuries to himself (McCrory v. C., M. & St. P. Ry. Co. [C. C.] 31 Fed. 531; N. Y. S. & W. R. Co. v. Thierer, 209 Fed. 316, 126 C. C. A. 242; C. & N. W. Ry. Co. v. Andrews, 130 Fed. 65, 73, 64 C. C. A. 399, and cases there cited), it is certain that, in signaling the street cars to cross the railroad tracks without waiting for the dust and smoke to clear away, and without making sure whether another train was approaching, he was, as a matter of law, guilty of such negligence as to render his employer liable for the injuries resulting therefrom to the passengers in his charge. The concurring negligence, if any, of the Illinois Central Railroad Company and its servants, does not relieve this defendant from liability to these plaintiffs.

[6] Complaint is made of what is claimed to have been an undue restriction of the cross-examination of the fireman of the Illinois Central train who was a witness for the plaintiff in one of the cases. The subject upon which the witness was being interrogated was whether the locomotive whistle was blown for the crossing, and, if so, when and where. The ground had already been fully covered in the cross-examination of the witness, and, if the excluded questions and answers were at all material, the trial judge acted well within his discretion in preventing mere repetition of previous testimony.

The judgment in each case is affirmed.