PENNSYLVANIA CO. v. AVRAN.

(Circuit Court of Appeals, Sixth Circuit. March 15, 1918.)

No. 3095.

1. RAILROADS ⚹346(5)—CROSSING ACCIDENTS—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In a crossing accident case, a railroad company, asserting the traveler's contributory negligence, has the burden of proof.

2. APPEAL AND ERROR ⚹927(7)—REVIEW—DIRECTED VERDICT.

Where the denial of defendant's motion for directed verdict was assigned as error, the testimony must by the appellate court be taken most strongly against defendant; the jury having found for plaintiff.

3. RAILROADS ⚹350(15)—CROSSING ACCIDENT—JURY QUESTION—CONTRIBUTORY NEGLIGENCE.

In an action by plaintiff, who was struck by a train while crossing defendant's tracks on foot about 8:30 on a May evening, the question whether plaintiff, who with her companions walked around the front end of a standing yard engine, which had been obstructing the crossing for longer than allowed, was guilty of contributory negligence, the view being obstructed by smoke, held, under the evidence, for the jury.

In Error to the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by Mary Avran against the Pennsylvania Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Squire, Sanders & Dempsey, of Cleveland, Ohio, for plaintiff in error.

Gage, Day, Wilkin & Wachner, of Cleveland, Ohio (Luther Day, of Cleveland, Ohio, of counsel), for defendant in error.

⚹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Defendant in error was struck and injured by defendant's train while crossing on foot, defendant's railroad tracks on Third street, in Canton, Ohio, at about 8:30 o'clock on an evening in May. There was substantial evidence tending to support each of the allegations of negligence submitted to the jury, viz. an excessive speed of the train, failure to give warning of the train's approach by bell and whistle or otherwise, and failure to maintain a gate at the west side of the crossing. The only point made here (raised by motion to direct verdict) is that, as matter of law, plaintiff was guilty of contributory negligence.

[1-3] Third street runs east and west. Defendant's four tracks cross the street diagonally. There was substantial evidence that when plaintiff, with several companions, walking east on Third street, reached the first of defendant's tracks, the crossing was nearly covered by a standing yard engine with cars attached; that, after waiting a longer time than the engine could lawfully occupy the crossing, plaintiff and her companions walked around the front end of the engine, then to the second track, where she stopped, listened, and looked in each direction, and, seeing and hearing no approaching train, proceeded to the third track, where she again listened and looked in both directions, with like result, and then stepped upon the third track, when she was struck by defendant's engine drawing the Twentieth Century Limited. It appeared by the testimony of plaintiff and others that she was prevented by the presence of smoke from seeing the approaching engine and by the yard noises from hearing it.

The specific contention is that it was contributory negligence, as matter of law, for plaintiff to cross under these conditions. This contention must be rejected. While the testimony presented a question of fact as to plaintiff's negligence, it was not conclusive. Erie R. R. Co. v. Weber (C. C. A. 6) 207 Fed. 293, 125 C. C. A. 37. That the burden of proof of contributory negligence was on defendant, and that the testimony must, on this review, be taken most strongly in plaintiff's favor, are commonplaces. The case differs from Memphis Street Ry. Co. v. Bobo, 232 Fed. 708, 712, 146 C. C. A. 634, for the reason, if for no other, that it there appeared that the conductor whose negligence was in question "knew that the cloud of dust and smoke which obstructed his view to the south [made by a train which had just passed] would be scattered and dissipated in a few moments." In the instant case we cannot say that plaintiff was bound to assume that the conditions interfering with sight and sound would speedily disappear. The jury would have been warranted in concluding even that the smoky condition did not proceed entirely from the standing yard engine, and that noise was more or less incident to the general situation.

The judgment of the District Court should be affirmed.