## VOORHEES v. KINGS CO. ELEVATED RAILROAD COMPANY.

### (City Court of Brooklyn — General Term, February, 1893.)

A railroad employee is not bound to look every time that a window is raised by a passenger, to see that it is put to the proper height. A passenger who places his hand under an open window must look and see that it is caught, and in the event of the window falling and injuring him, the company is not negligent unless the catch was defective.

APPEAL from a judgment entered in favor of plaintiff on the verdict of a jury, and from an order denying a motion for a new trial.

*W. W. Culver*, for plaintiff (respondent).

*Hirsh & Rasquin*, for defendant (appellant).

CLEMENT, Ch. J.   The plaintiff was a passenger on defendant's train, and while seated, placed his right arm on the sill of the open window, which suddenly fell and struck his little finger, whereby he sustained an injury.   Plaintiff, on his direct-examination, testified that he knew that the window, prior to its fall, was held by the catch, but on cross-examination admitted that he knew nothing about it except that the window was up.   It is just as probable that the window was not raised to the proper height as that the catch was defective. A passenger on an elevated car should either not place his hand on the window sill, or if he does, should look and see that the window is raised, so that the catch rests upon the lip. The company, except in very warm weather, leaves it to the passenger to determine whether the window shall be up or down, and a railroad employee is not bound to look every time that a window is raised by a passenger, and see that it is put up to the proper height.   We think that it was the duty of the plaintiff, before placing his hand under the window, to look and see that it was caught, and that the company was not negligent, unless the catch was defective, of which there was no proof in the case.

Judgment and order denying new trial reversed, and a new trial granted, with costs to appellant to abide the event.

VAN WYCK, J., concurs.
Judgment and order reversed.