no title of record prior to June 20, 1898, when the confirmatory deed from Bard, the purchaser of the lands, was delivered to Crow. It does not appear that the unrecorded title of Crow caused the defendant judgment creditors to extend credit or to forbear. In Cox v. Stokes, 156 N. Y. 491, 51 N. E. 316, it is said:

"Whether the equitable doctrine of laches, as distinguished from the statute of limitations, now exists in this state, is open to serious doubt."

The plaintiff's equitable right to a conveyance was superior to the general lien of the judgment creditors. Rodgers v. Bonner, 45 N. Y. 379.

I advise an affirmance of the judgment, with costs. All concur.

(110 App. Div. 23)

STREMBEL v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

CARRIERS—INJURY TO PASSENGER—FALLING OF CAR WINDOW—NEGLIGENCE—EVIDENCE.

A passenger in a street car may not recover for injury from an open window falling on her hand on the window sill; there being no evidence of a defect therein, no presumption of negligence, because the window is designed to be opened and shut by passengers at their convenience, and the carrier not being required to inspect a window, when raised, to see that it is at the proper height.

Appeal from Trial Term, Kings County.

Action by Caroline Strembel against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

I. R. Oeland, for appellant.
Lewis L. Fawcett, for respondent.

JENKS, J. The action is for negligence. The plaintiff became a passenger in a car of the elevated railroad of defendant at the terminus near Broadway Ferry. She sat in a cross-seat of the car, laid her hand on the sill of an open window, and kept it there continuously. After a time, and during her journey, the window fell upon her hand and injured it. She complains that the window was improperly, negligently, and carelessly fastened, was in a defective and unsafe condition, and that the defendant was negligent in using such a car. There is no evidence to justify the finding that the window was defective or that its mechanism was out of order. There is not even evidence that the window was on the catch, so as to permit the inference that the catch was defective. I think that no presumption of negligence arises. For generally it does not arise from the mere fact of an accident. Curtis v. Rochester & Syracuse R. R. Co., 18 N. Y. 534, 75 Am. Dec. 258; Dobbins v. Brown, 119 N. Y. 188, 193, 23 N. E. 537; Thompson's Com. on the Law of Neg. § 2756; Shearman & Redfield on Negligence (2d Ed.) § 516. In Holbrook v. Utica &

Schenectady R. R. Co., 12 N. Y. 236, 64 Am. Dec. 502, Ruggles, J., says:

"The presumption arises from the cause of the injury, or from other circumstances attending it, and not from the injury itself."

In Breen v. N. Y. C. & H. R. R. R. Co., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450, the court, per Danforth, J., say:

"There must be reasonable evidence of negligence, but when the thing causing the injury is shown to be under the control of the defendant, and the accident is such as, in the ordinary course of business, does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part."

This rule is commended by Cullen, J., in Griffen v. Manice, 166 N. Y. 188, 194, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. I think that the evidence does not show that the thing causing the injury was under the control of the defendant, so as to make the rule applicable. The window was designed to be opened and shut by passengers at their convenience. It might be raised or lowered by different passengers hundreds of times in a day, or a score of times in a journey from terminus to terminus. The fall of the window cannot be attributed to defective construction any more than to the failure of the last passenger who raised it to put it all the way up, so as to have it engage the catch, or to see that it did engage the catch firmly. Such an appliance, which is naturally and properly under the control of the various passengers, is essentially different from, e. g., the lamp shade in White v. Boston & Albany R. R. Co., 144 Mass. 404, 11 N. E. 552, or the ventilating window in Och v. M. K. & T. Railway Co., 130 Mo. 27, 31 S. W. 962, 36 L. R. A. 442, or the berth in Horn v. New Jersey Steamboat Co., 23 App. Div. 302, 48 N. Y. Supp. 348, or the metal fire extinguisher in Allen v. United Traction Co., 67 App. Div. 363, 73 N. Y. Supp. 737, which were naturally and properly within the control of the defendants, were not to be manipulated by the passengers, and which fell from their normal places. There is no evidence that the defendant in any way undertook to raise, lower, or touch the window.

I think that the case falls within the judgment of Murray v. Metropolitan District Railway Co., 27 Law T. (N. S.) 762, for the reasons given by the four learned barons, who refused the rule. I think that there was no obligation upon the defendant to inspect the open windows before the train started from the terminus on this journey. In Murray v. Metropolitan District Railway Co., supra, the suggestion was made by counsel that:

"It is the duty of the company to start each train with its carriages securely fixed."

Kelly, C. B., answered:

"It may be the duty of a company, when a train first starts for the day, to examine each carriage; but was not this train continually going backwards and forwards during the day?"

Martin, B., said:

"Both the judge and the jury may take into consideration the well-known practice of the Metropolitan Railways of sending their trains backwards and forwards."

I cannot think that there was any such burden as to inspection upon the defendant at the time—11 a. m.—when this train started from a terminus, presumably in the series of its many goings back and forth during the day.   In Voorhees v. Kings County El. R. R. Co., 3 Misc. Rep. 18, 21 N. Y. Supp. 775, the court holds that a railroad employé is not bound to look every time a window is raised by a passenger to see whether it is raised to a proper height.   The mere fact that, as between a new and an old car, this car was described as "old," or as looking "old," by the plaintiff and her son, does not warrant the inference that the window or its appliances were out of order.   The evidence adduced by the defendant did not help the plaintiff in her proof of negligence, but tended to relieve the defendant from any imputation thereof.

I advise that the judgment and order be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.