(120 App. Div. 643)

### BOICE v. ULSTER & D. R. CO.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

CARRIERS—INJURY TO PASSENGER—FAULTY EQUIPMENT—EVIDENCE.

   In an action by a railway passenger for injuries caused by the falling of a window sash, evidence examined, and *held* sufficient to warrant submitting to the jury the question of the faulty construction of the window.

Appeal from Trial Term, Ulster County.

Action by Ida M. Boice against the Ulster & Delaware Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John De Witt Warner, for appellant.
Amos Van Etten, for respondent.

COCHRANE, J. Plaintiff was a passenger on one of defendant's trains. The day being warm, the window opposite which she was seated was open. As the train started, on leaving one of the stations along the line of the journey, the window fell and injured her hand, which was resting on the sill. The window was open when she entered the car, and according to her testimony was not manipulated by her. From the testimony of one of the passengers in the same car that the window opposite which he was sitting was provided with two catches or fasteners it may be assumed that all of the windows in the same car were similarly equipped. From plaintiff's testimony the jury might have been permitted to infer that the window was up all the way. Her testimony on this point, it must be admitted, is not very convincing. It is expressed as follows:

   "I think the one where we were sitting was up all the way. It was up about two feet. The bottom of the sash was two feet from the sill of the window."

Had the trial justice been asked to do so, he would doubtless have stricken out the first sentence of this testimony, on the ground of its vagueness and conjectural character, and would have required the plaintiff to express herself more definitely. But such testimony having been permitted to remain in the case without objection, and the complaint having been dismissed, plaintiff is entitled to the most favorable meaning of which her language is properly susceptible. Many definitions are given by the various lexicographers of the word "think." Among such definitions the Century Dictionary gives the following: "To cognize; apprehend; grasp intellectually"—and also states "often equivalent to recollect; recall." The Standard Dictionary has the following, among other, definitions: "To call to mind; remember; recollect"—and "to recall anything to mind; exercise recollection; have remembrance." Webster defines the word as meaning, among other things, "to recollect or call to mind." So that it is impossible to say that the plaintiff, in giving the testimony above quoted, was merely giving her conjecture or guess that the window was up all the way. If the window were provided with two fasteners and were raised to

its extreme height, both of which facts, as we have seen, might have been properly inferred by the jury, it follows that the jury might also have properly inferred that such fasteners were either improperly constructed or were out of repair, because the window probably would not have fallen past them, had they properly performed their functions. The case of Strembel v. Brooklyn Heights Railroad Company, 110 App. Div. 23, 96 N. Y. Supp. 903, is not in point. There was no evidence in that case that the mechanism of the window was out of order, and it was expressly stated in the opinion that the fall of the window could not "be attributed to defective construction any more than to the failure of the last passenger who raised it to put it all the way up, so as to have it engage the catch, or to see that it did engage the catch firmly." That was also the difficulty in Voorhees v. Kings County Elevated Railroad Company, 3 Misc. Rep. 18, 21 N. Y. Supp. 775, cited with approval in the Strembel Case. The windows of a car are to a large extent under the control of passengers, and in an accident like the one in question a person injured must undoubtedly prove faulty construction or equipment. But, if this window were raised to its full height, its fall was not due to any act of a passenger, but might well have been due to imperfect mechanism. While the case as left by the plaintiff when she rested was weak and unsatisfactory, I think it was sufficient to require its submission to the jury.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; SMITH, P. J., and CHESTER, J., in result.

---

(120 App. Div. 378)    In re COHN.

(Supreme Court, Appellate Division, First Department. June 21, 1907.)

ATTORNEY AND CLIENT—DISBARMENT—MISAPPROPRIATION OF MONEY.

An attorney was guilty of misconduct, warranting disbarment, where he converted to his own use $1,389.63 intrusted to him by a client for deposit, and did not make final restitution until six years later, and then under stress of impending commitment for contempt, and where he gave false testimony before the referee in the disbarment proceeding.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 56.]

Application to disbar Charles Cohn, an attorney. Respondent disbarred.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.