ETHEL ROSENGARTEN, &c., PLAINTIFF AND APPELLANT.
v. THE DELAWARE, LACKAWANNA AND WESTERN
RAILROAD COMPANY, DEFENDANT AND APPELLEE.

Submitted July 2, 1908—Decided November 9, 1908.

Where the arm of a plaintiff, a passenger on a railroad car, was in-
jured by the falling of the car window by which she was sitting,
there being no evidence that the window catch was defective or
that the defendant's servants set the window unlatched—*Held*,
that a nonsuit was correct.

On appeal from the Orange District Court.

Before Justices REED, BERGEN and VOORHEES.

For the plaintiff and appellant, *William A. Lord.*

For the defendant and appellee, *Max M. Stallman.*

The opinion of the court was delivered by

REED, J. This appeal brings up a judgment of nonsuit.
The plaintiff, an infant, sued by her next friend to recover
damages for an injury caused by the falling of a car window
in a car in which she was sitting while riding as a passenger
upon the defendant's railroad. The negligence charged in the
state of demand is the failure of the defendant to inspect and
keep in order and repair the window fastenings and appliances
that would prevent the window from falling.

The mother of the plaintiff, with the plaintiff and another
daughter, Rose, boarded the train of the defendant at High-
land avenue. They seated themselves in a double seat—Ethel,
the plaintiff, sitting next to an open window. Rose sat oppo-
site, facing Ethel, and next to a closed window, and the mother
sat on the seat with Rose next to the aisle.

The mother testified on the trial that she opened the win-
dow next to Rose by pressing upon the lever on the window-

catch and raising the window, and when she had raised it up to the rest or shelf attached to the window-casing she released the lever which she was holding down, and the plunger came down over the shelf and the window was thus held up in place. She testified that the other window, next to which Ethel sat, was apparently up as far as it would go, but that she did not examine it or pay any particular attention to it to see whether it was held up by the catch or not.

Ethel, the plaintiff, had her elbow resting on the window-sill, under the open sash, and when the train was going fast around a curve just west of Orange station both windows fell, the one where Ethel was sitting striking her on the arm near the elbow. The mother testifies that the conductor was told of the accident, and he asked her if she wished to have the window raised again, and being told "yes" he raised both windows, and had to exert some strength to make the plunger in the catch come out and rest upon a projection to hold up the window next to Ethel. The windows remained open the rest of the journey.

It is perceived that the window that injured Ethel was already up when she took her seat. Who raised this window does not appear. That the window was not on the catch is quite obvious. When raised the only protection against the window closing by the jarring of the train is the catch which fastens the window when opened to its full extent.

If there was negligence of the defendant, it must have existed in one of two ways—in failing to provide an effective catch, or in a neglect of duty in permitting a window to remain partly open, unfastened by the catch. There is no proof that the catch on the window, by which the plaintiff sat, was defective; therefore the only ground for imputed negligence to the defendant would be that it was the duty of its servants to see if the window was raised at all, that it was raised until secured by the catch. Now, if the windows were under the entire control of its servants, if no one was permitted to raise them but some one of the train crew, then the responsibility for the accident might well be put upon the railroad company. The windows of a car, however, are designed to be

opened and closed by the passengers at their pleasure. The company does not pretend to supervise the act of a passenger in adjusting a window to suit his convenience. One passenger raises and a succeeding passenger closes the same window, and this change goes on as successive passengers occupy the same seat. No responsibility rests upon the company for the act of a passenger in leaving a window unlatched.

The fall of this window, which, so far as appears, was left unsecured by some previous passenger, presents a question quite different from the fall of a lamp or a rack in a car, over which the company's agents have entire control, and with which the passengers have no right or duty to interfere.

Unless it was actually shown that some one of the railroad crew had left the falling window in the position from which it fell, the inference that it was left in that position by a passenger would be much stronger than that it was left by a servant of the defendant. In this situation no negligence can be imputed to the defendant.

The cases of *Stremble* v. *Brooklyn Heights Railroad Co.,* 110 *App. Div.* 23 (*N. Y.*), and *Faulkner* v. *Boston and Maine Railroad,* 187 *Mass.* 254, deal pertinently with similar situations.

The judgment should be affirmed.