## Huntington Contract Company v. Bush.

(Decided February 22, 1918.)

### Appeal from Breathitt Circuit Court.

1. Master and Servant—Employer Not Insurer of Safety of Employee —Instruction.—It is elementary law that an employer is not an insurer of the safety of his employees; he is liable not because of danger in the employment, if it be dangerous, but only by reason of his negligence; and an instruction authorizing a recovery against the employer which is not predicated upon his negligence, is erroneous.

2. Master and Servant—Personal Injuries—Specification.—Under the rule that a specification of personal injuries in a damage suit precludes proof of injuries not alleged, it is competent for the plaintiff to prove injury to his kidneys and the passage of blood in his

urine, under an allegation that the negligence of the defendants caused the plaintiff to be "permanently injured in his back, ribs (several of which were broken), spine, head, arms, and legs, and also to be internally injured, and caused him to be permanently injured in his nervous system and each and every member of his body to some extent."

3. Damages—Special Damages—Pleading.—The allegation of a petition that the plaintiff "had lost ——months of time to the value of $———" amounts to no allegation of special damages, and affords no basis for a judgment therefor.

CHESTER GOURLEY for appellant.

SOUTH STRONG, J. M. McDANIEL and E. E. HOGG for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellant company operated a narrow gauge railroad on Quicksand creek in Breathitt county. In changing the location of the track so as to prevent the high water from washing it and to enable the trains to pass easily, it became necessary to remove, by blasting, a cliff which hung over the right of way. While the company was engaged in making these changes the appellee Bush and other employees were at work below the cliff throwing blasted rock and earth out of the right of way, under the supervision of Williams, the company's foreman.

Several shots of dynamite had been fired throwing down large quantities of rock and dirt. A short time thereafter Williams inspected the premises and said to the workmen that he thought the place was safe, whereupon they resumed their work. Shortly thereafter a large rock fell from the overhanging cliff, striking Bush a slanting blow in the back, as he claims, and knocking him into the creek a distance of about eighteen feet. Bush landed on a rock pile, and claims he was severely injured.

The company contends, however, that the falling rock did not strike Bush; that he was not injured in any way on that occasion; and that he became frightened and voluntarily jumped over the bank into the creek.

The accident occurred on April 12, 1912, and on January 23, 1913, Bush filed this action against the appellant company to recover damages for his alleged injuries. At the trial held in January, 1916, Bush recovered a verdict for $1,500.00, nine jurors concurring. The company appeals and assigns the following errors for a reversal: (1) error in the first and second instructions; (2) admis-

sion of incompetent testimony; (3) newly discovered evidence; and, (4) excessiveness of the verdict.

1. Complaint is made of the first and second instructions which read as follows:

"(1) The court instructs the jury that if they believe from the evidence that plaintiff, Charlie Bush, was informed by the foreman Charlie Williams that the place where said Bush was injured was in a reasonably safe condition, that plaintiff Charlie Bush had a right to rely upon the statement of the foreman and to proceed with the work the foreman required him to do, unless the danger was so imminent or obvious that a person of ordinary prudence would not have undertaken said work, and if they believe from the evidence that while proceeding with said work required of him by the foreman that plaintiff was injured in his ribs, back, head, spine, hips, breast, and kidneys, they will find for the plaintiff such a sum as would reasonably compensate him for his physical and mental suffering, if any, he has sustained as a direct result of said injuries, and also for any suffering, if any, plaintiff may reasonably be expected to suffer in the future as a direct result of said injuries, and also for the permanent impairment, if any, of plaintiff's power to earn money, caused as a direct result of said injuries, but the entire finding of the jury, if they find for plaintiff, shall not exceed the sum of three thousand dollars, the amount claimed in the petition."

"(2) The court instructs the jury that if they believe from the evidence that the foreman Charlie Williams was in the presence of the plaintiff Charlie Bush when he was injured and assured him there was no danger in doing the work required of him, that it was not the duty of plaintiff Bush to inspect the place, but plaintiff had the right to rely upon the assurance of his foreman and proceed with the work which he was directed to do, and if injured while at said work as set out in instruction number one, they will find for the plaintiff as set out in instruction No. 1."

The third instruction gave the law of contributory negligence; the fourth that of assumed risk; while the fifth and last instruction authorized a verdict by nine jurors. It will be observed that the court gave no instruction defining either negligence or ordinary care.

Appellants complaint in this respect is that neither the first nor the second instruction is predicated upon

negligence upon the part of the defendant, and that under these instructions the jury was authorized and directed to find for the plaintiff notwithstanding the fact that the company and its foreman might not have been negligent in any respect.

Or, to state the proposition affirmatively, appellant contends it was not liable in case Williams exercised ordinary care in providing Bush a safe place to work, and in inspecting the place before giving the assurance of its safety.

The first instruction is undoubtedly faulty, and the second repeats the error. It is elementary law that an employer is not an insurer of the safety of the employee; he is liable not because of danger in the employment, if it be dangerous, but only by reason of his negligence. The principles of negligence must, therefore, be consulted in determining whether, in any particular case, an injured employee is entitled to recover; and before he can recover he must show that some negligent act or omission of the employer was the proximate cause of his injury. 18 R. C. L. 544. This the trial court wholly failed to do in any of its instructions to the jury. It is true the defendant offered no instruction upon this point; but that fact did not relieve the trial court of the duty of properly instructing the jury upon the issues submitted.

2. It is insisted that the trial court erred in permitting Bush to prove injury to his kidneys, and the passage of blood in his urine, when these matters were not sufficiently alleged in the petition. This objection is based upon the well known rule of law that the allegations of the petition as to specific injuries preclude proof of injuries not alleged. The reason for the rule is that the specification of injuries notifies the defendant of the particular injuries upon which the plaintiff seeks to recover, challenging an issue upon those facts alone and inviting evidence solely to support or refute it. Chesapeake & Nashville Ry. Co. v. Hamner, 23 L. R. 1846, 66 S. W. 375; Cumb. T. & T. Co. v. Overfield, 127 Ky. 557.

But if the specification is broad enough to reasonably include the injury proved, although not actually specified, the testimony should be admitted since it would not mislead the defendant.

The petition alleges that the falling of the rock against Bush caused him to be "permanently injured in his back, ribs (several of which were broken), spine,

head, arms, and legs, and also to be internally injured, and caused him to be permanently injured in his nervous system and each and every member of his body to some extent." We think this allegation of internal injuries was sufficient to make competent the proof of injury to his kidneys and the passage of blood in his urine.

3. It is further objected that the court erroneously permitted Bush to prove his loss of time under an allegation that he "had lost ............... months of time to the value of $...................." It is well settled that an allegation of this character amounts to no allegation of special damages and affords no basis for a judgment therefor. Lexington Ry. Co. v. Johnson, 139 Ky. 323; Lloyd v. Knadler, 22 Ky. L. R. 776, 58 S. W. 803.

In view of the fact that the case will have to be reversed for a new trial, it is not necessary that the other errors complained of, if they be errors, should be passed upon, and they are not decided.

Judgment reversed.