# Hawkins, Jr. v. Louisville & Nashville Ry. Co.

(Decided April 26, 1918.)

## Appeal from Kenton Circuit Court.

1. Torts—Rule as to Recovery of Damages For.—It is elementary law that there can be no recovery of damages for a tort unless there has been negligence on the part of the defendant.
2. Carriers—Maintenance of Coaches—Convenience of Passengers. —It is the duty of a railroad carrier of passengers to maintain its coaches in such a condition as will reasonably secure the safety, comfort, and convenience of passengers; but ordinarily it is not responsible for injury to a passenger resulting from the negligence of another passenger, unless the circumstances are such as that by the exercise of ordinary care it could have been anticipated and the danger guarded against.
3. Carriers—Injury to Passenger—Liability.—Where a passenger in leaving the smoking compartment of a Pullman car stumbled over a cuspidor which was hidden from view by a heavy curtain hanging over the entrance to the smoking compartment, and was thrown against the side of the car and injured, the carrier is not liable in damages for the passenger's injury, where he failed to show that the servants or employees of the carrier either created the obstruction, or failed to remove it after actual or imputed notice of its existence.

H. M. BENTON and H. M. HEALLY, JR., for appellant.

S. D. ROUSE, M. M. DURRETT and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On May 13, 1916, the appellant Hawkins, who was the plaintiff below, boarded the appellee's train at Newport about eight o'clock in the morning to go to Louisville. He entered the Pullman or chair car, and having deposited his raincoat upon a chair which he had reserved in advance, he went to the smoking compartment at the rear end of the car.

Very soon after the train had left Latonia and only a few minutes after Hawkins had entered the smoking compartment, a friend having asked him for a deck of cards which was in a pocket of his raincoat, Hawkins arose and started to leave the smoking compartment to get the cards. As he passed through the door of the smoking compartment into the aisle which leads to the main body of the car Hawkins struck his foot

against a heavy cuspidor and fell against the side of the car, cutting a large gash in his forehead. He suffered considerable pain and was confined to his house for several days of the ensuing week. Hawkins did not see the cuspidor because it was concealed by a heavy curtain which hung over the entrance to the smoking compartment and had been pushed back about half the distance of the opening. The curtain extended to within about six inches of the floor.

Hawkins brought this suit against the Louisville & Nashville Railroad Company and the Pullman Company alleging negligence on the part of both companies in suffering and permitting the cuspidor to be and remain in the door of the smoking compartment of the car, thereby causing the plaintiff to stumble over the cuspidor to his injury as above indicated. The answers traversed the petition and interposed pleas of contributory negligence on the part of Hawkins. At the end of the plaintiff's proof the trial court sustained the motion of the defendants for a directed verdict, and Hawkins appeals.

The plaintiff necessarily rests his case upon the alleged negligence of the defendants, and in support of that theory he contends that the defendants were negligent in placing or permitting the cuspidor to remain in the doorway and concealed by the curtain; and, that the rule requiring notice to the carrier of objects taken aboard by other passengers does not apply in this case because the cuspidor which caused the injury was a part of the carrier's equipment which had been placed on the car by the defendants. In support of this contention the appellant relies upon Beiser v. C. N. O. & T. P. Ry. Co., 152 Ky. 522, 43 L. R. A. (N. S.) 1050, and C. N. O. & T. P. Ry. Co. v. Lorton, 33 Ky. L. R. 689, 110 S. W. 857.

But, in our opinion, neither of these cases sustain the plaintiff's contention. In Beiser v. C. N. O. & T. P. Ry. Co., *supra,* a passenger deposited a valise in the aisle of a car that was so poorly lighted that Mrs. Beiser could not see the obstruction when she entered the car; consequently, she stumbled over it injuring herself. In holding that she was entitled to recover, this court rested her right solely upon the fact that the company was negligent in not lighting the car so that Mrs. Beiser might see the way when she entered it, and expressly disavowed the plaintiff's right to recover on account of the other

passenger having deposited his valise in the aisle where it remained without notice to any of the servants or employees of the company. Upon that point the court said:

"We are not prepared to hold that the evidence will allow the appellant to recover on the ground that appellee was guilty of negligence in allowing the valise to remain in the aisle until she was injured by falling over it, for according to Gooth, who alone testified on that point, the valise did not remain in the aisle where it was placed by the owner more than five minutes before the accident occurred; and, as shown by all the testimony, during that interval the conductor and brakeman of the train were not in the car at all but were on the outside of the train directing and assisting passengers to get thereon; being thus engaged in the performance of their necessary duties, it is manifest that they did not know and by the exercise of ordinary care could not have known of the obstruction of the aisle by the valise."

Really, the Beiser case sustains the ruling of the circuit court, since in this case the plaintiff's injury was caused by an obstruction of the doorway not shown to have been caused by the defendants, and of which they had no notice.

In the Lorton case, *supra,* Mrs. Lorton's hand was injured by a window of the coach falling upon it, and the case turned upon the question whether the railway company had, in that case, provided and maintained its passenger coach, including the window, in a reasonably safe condition for the safety, convenience, and comfort of passengers; and, the liability of the company was rested upon the fact that it had failed to perform its duty in that respect. But in the case at bar there is no contention that the defendant failed to furnish Hawkins a safe car; on the contrary plaintiff rests his claim to a recovery upon the ground that the company is responsible for the obstruction of the doorway by the hidden cuspidor over which he stumbled. But the carrier's liability in such a case depends upon whether its servants or employees created the obstruction or failed to remove it after actual or imputed notice of its existence.

Appellant insists, however, that the rule requiring notice to the carrier of objects taken aboard by other passengers does not apply to articles which have been placed in the car by the carrier and are not a part of the carrier's necessary equipment. We cannot agree,

however, that a cuspidor is not a proper or even a necessary part of the equipment of a smoking compartment which is set aside for the use of smokers.

In principle, this case is quite like L. & N. R. R. Co. v. O'Brien, 163 Ky. 538, where the plaintiff stepped upon a banana peel and fell from the steps of a car; but as there was no evidence as to when, where, or by whom the banana peel was thrown or placed on the step, or that defendant had any notice thereof, either actual or imputed, this court said the plaintiff had not shown a right to a recovery.

The cuspidor being a useful and necessary appliance there was no negligence upon the part of the appellees in having it in the smoking compartment; and Hawkins offered no evidence to show any negligence on the part of the servants or employees of the defendant by reason of the fact that the cuspidor was at the place where Hawkins stumbled over it. It is elementary that in order for the plaintiff to recover in a case of this character he must show some negligence on the part of the defendant; and in the absence of some proof showing a breach of duty a directed verdict for the defendant is proper. Huntington Contract Co. v. Bush, 179 Ky. 433. Under the proof in this case the cuspidor may have been placed in the doorway by a passenger only a moment before Hawkins stumbled over it.

Judgment affirmed.