**BASSELL v. HINES, Director General of Railroads.**

(Circuit Court of Appeals, Sixth Circuit. December 7, 1920.)

No. 3416.

1. Carriers ☞280(1)—Rule as to extraordinary care for passengers held not to extend to trifling dangers, such as are met everywhere. ·

The rule requiring carriers to exercise the highest degree of care for the safety of passengers does not extend to those comparatively trifling dangers which a passenger meets on a railway car only in the same way and to the same extent as he meets daily in other places and from which he habitually and easily protects himself.

2. Carriers ☞302(1)—Measure of care to keep aisle free of obstructions.

A railroad company *held* to the exercise of only ordinary care to see that hassocks provided in a chair car, and which are moved about by passengers at their pleasure, are not allowed to project into the aisle.

3. Appeal and error ☞274(5)—Particular ground of exception to instruction must be urged in lower court.

It cannot be assigned as error that the court erroneously placed the burden of proof on an issue of negligence, where no exception was taken to the charge on that ground. ·

In Error to the District Court of the United States for the Eastern Division of the Southern District of Ohio; John E. Sater, Judge.

Action at law by John Y. Bassell against Walker D. Hines, Director General of Railroads. Judgment for defendant, and plaintiff brings error. Affirmed.

Smith W. Bennett, of Columbus, Ohio, for plaintiff in error.

James I. Boulger, of Columbus, Ohio (Wm. H. Miller, of Columbus, Ohio, and Henry Bannon, of Portsmouth, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. The plaintiff below, plaintiff in error here, was a passenger on a Pullman chair car arriving in the railway station at Columbus. After the car stopped and the passengers for Columbus were told to alight, he arose from his seat, and, as he walked down the aisle toward the door, stumbled over a hassock or footstool which was in the aisle, or projected into it, and fell and received the injury for which he sought to recover in this action. He alleges that the insufficient lighting of the car co-operated with the careless placing or leaving of the obstacle to constitute actionable negligence. The court gave to the jury definitions of the care required

respectively, from defendant and from plaintiff, and the jury found a verdict for defendant. Plaintiff assigns as error: (1) That the instructions did not require from the defendant a sufficiently high degree of care; (2) that the jury was permitted to consider an issue outside the evidence; and (3) that upon one issue the burden of proof was wrongly placed.

[1, 2] The instructions put upon defendant the duty to exercise ordinary care to see that the aisle was not obstructed by a footstool. The court declined to charge that the defendant was bound to exercise the highest degree of care and prudence consistent with the conduct of its business. The stricter rule imposing the more extreme liability is the one which expresses the duty of a common carrier as to all the special perils of transportation. The cases to this effect are familiar. Some of them are cited in the opinion of this court, in Memphis v. Bobo, 232 Fed. 708, 711, 146 C. C. A. 634. The leading cases and the text-book discussions indicate ('see Indianapolis Co. v. Horst, 93 U. S. 291, 296, 23 L. Ed. 898) that the reason of the rule is that the passenger delivers himself into the custody and control of the carrier, that he is helpless against these perils, and that he is compelled to, and rightly does, rely upon the carrier for protection. This reason extends to and supports the great bulk of the cases where the rule of the highest practicable care has been enforced. The cases where a passenger has been injured by an assault by another passenger (like Meyer v. St. Louis Co., 54 Fed. 116, 4 C. C. A. 221) or by one of the crew (like Lee Line v. Robinson [C. C. A. 6] 218 Fed. 559, 563, 134 C. C. A. 287, L. R. A. 1916C, 358) are not exceptions, because the duty of police protection, for which the citizen ordinarily relies upon the peace officers of the community, is one which the passenger necessarily abandons to the carrier when he becomes a passenger. Cases of injury from a falling berth (like Penn. Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141) or from an imperfectly secured trolley rope (Denver Co. v. Hills, 50 Colo. 328, 116 Pac. 125, 36 L. R. A. [N. S.] 213), or from an exposed rudder chain (Garoni v. Compagnie [Com. Pl.] 14 N. Y. Supp. 797), are nearer the margin line, but are not beyond the reason of the rule. All of these agencies were peculiar to the instrumentality of transportation, and their proper management and control, so that they would not harm a passenger, were wholly in the hands of the carrier.

Plainly, the reason of the rule does not extend to those comparatively trifling dangers which the passenger meets while upon a railway car only in the same way and to the same extent as he meets them daily in his home or in his office or on the street, and from which he easily and completely habitually protects himself. He may, more or less excusably, stumble and fall over a footstool or chair in his home, or an obstacle on the sidewalk, or a hassock in a car; he need never do any of these things, if he takes sufficient care. It did not need evidence to show that these hassocks were under the control of the passengers, and were by them placed and replaced as they desired; and this destroys the basis—sole management and control—for the extreme rule. There is, in our judgment, no sound reason why anything more than

ordinary care, fitted to the circumstances, should be required, nor why the rule of highest practicable care should be applied to such a subject; we do not find any controlling authority, or any weight of authority, which so requires.

Pitcher v. Old Colony Co., 196 Mass. 69, 81 N. E. 876, 13 L. R. A. (N. S.) 481, 124 Am. St. Rep. 513, 12 Ann. Cas. 886, is specially relied upon. In that case, a passenger, alighting from a street car, fell over another passenger's bag resting in the aisle. The trial court had given to the jury the rule of "the highest degree of care consistent with practical carrying on of its business," and plaintiff complained because the court had not given the rule of highest possible care. It was held only that to refuse to give this extreme rule was not error. In Lynch v. Railway Co., 92 Kan. 735, 142 Pac. 938, also relied upon, it is said that the carrier must use the highest practicable degree of care both in carrying passengers to their destination and in setting them down safely; but this was said in a case where the carrier had given an implied invitation to alight, and the passenger, who was responding, was injured by the starting of the train. We find no case, and we are cited to none, where deliberately and after discussion the stricter rule was decided to be applicable to such a case as this. On the other hand, the rule of merely reasonable or ordinary care, to be measured by the circumstances of the case, has been frequently applied under closely analogous circumstances. Such are the falling of a package from the parcel rack (Louisville Co. v. Rommele, 152 Ky. 719, 154 S. W. 16, Ann. Cas. 1915B, 267; Morris v. New York Cent., 106 N. Y. 678, 13 N. E. 455), the falling of a car window (Irwin v. Louisville Co., 161 Ala. 489, 50 South. 62, 135 Am. St. Rep. 153, 18 Ann. Cas. 772; Strembel v. Brooklyn Co., 110 App. Div. 23, 96 N. Y. Supp. 903), a door sill or platform slippery with ice (Connell v. Oregon Co., 51 Utah, 26, 168 Pac. 337; Palmer v. Penn. Co., 111 N. Y. 488, 18 N. E. 859, 2 L. R. A. 252), baggage in the aisle (Burns v. Pennsylvania R. Co., 233 Pa. 304, 82 Atl. 246, Ann. Cas. 1913B, 811), a slippery deck (Pratt v. North German Co. [C. C. A. 2] 184 Fed. 303, 304, 106 C. C. A. 445, 33 L. R. A. [N. S.] 532), a cuspidor in the doorway (Hawkins v. Louisville Co., 180 Ky. 295, 202 S. W. 632, 3 A. L. R. 637), or fingers caught in a door (Shaughnessy v. Railroad, 222 Mass. 334, 110 N. E. 962, Ann. Cas. 1918C, 371). The cases are extensively cited and discussed, and the rule stated substantially as it was given by the court below in this case, in Moore on Carriers (2d Ed.) pp. 1079–1081, 1091, 1107, 1108, 1125, 1261, 1263. We conclude that there was no error in this respect.

Complaint was made because the court charged upon the subject of the rule of care in case a passenger had put the hassock in the aisle, and it is said that there was no such evidence and no such issue. Since the hassock could have been misplaced only by the railway employees or by a passenger, and there was no evidence as to how it happened, it is not easy to see how either alternative could have been left out of the trial; but, in any event, the plaintiff cannot complain because the court charged that he might recover, not only upon the theory stated in the declaration, but even on an alternative theory. If this was error, it was error against the defendant, and the verdict made it harmless.

[3] The court told the jury: ·

"If the hassock got into the aisle of the car through the action of a passenger, it was then incumbent upon the plaintiff, in order to establish negligence upon defendant's part, to show by a preponderance of evidence that the hassock was there a sufficient length of time for the defendant's employees, in the exercise of ordinary care, to have discovered and removed it."

It is argued that the burden should have been put upon the defendant to show that the hassock, in this contingency, had not been there long enough to raise the inference of negligence. There was, in truth, no affirmative evidence whatever that the hassock had been in an obstructive position for any length of time or to dispute the porter's evidence that the aisle was clear a moment before when he passed out, and it might, therefore, be said that it made no difference where the burden of proof was, as there was nothing to show negligence, and a verdict for ,defendant should be instructed (as was held in Colburn v. Chicago Co., 161 Wis. 277, 152 N. W. 821, and Kanter v. Philadelphia Co., 236 Pa. 283, 84 Atl. 774, and as the court below thought on the motion, for new trial) ; but it is not necessary to decide that proposition. There is no basis for plaintiff's position in this respect, unless in the doctrine of res ipsa, etc.

The burden is always upon the plaintiff to show negligence, and only when the occurrence itself indicates negligence can the burden be thought satisfied and shifted to the other side. Since it is, as a matter of common knowledge, much more probable that such a situation as an obstructing hassock is caused by a passenger than that it is caused by an employee, it might well be thought that the doctrine res ipsa cannot apply to such a case; but that question, also, we need not decide. The paragraph which we have quoted from the charge was a part of a complete discussion of the theory that the hassock might have been put into the aisle by a passenger, which presented to the jury the rules of negligence and contributory negligence which the court thought proper to that subject, including instructions that, if it had not been there a sufficient length of time for the defendant, in the exercise of ordinary care, to have discovered it, the defendant was not liable; but if it had been there so long that the porter or conductor, exercising ordinary care, ought to have discovered it, and had failed to do so, the defendant was liable. The only exception taken was in these words:

"We except to the charge concerning the hassock being pushed into the aisle by a passenger or a third person and the consequent nonliability of the defendant."

This exception related to the whole charge upon this subject. A great part of such charge was unquestionably correct. That fraction which related to the burden of proof was not separately excepted to, nor was the attention of the court directed to that particular subject. The exception was unavailing to raise the question upon which plaintiff in error now relies. Norfolk Ry. v. Earnest, 229 U. S. 114, 122, 33 Sup. Ct. 654, 57 L. Ed. 1096, Ann. Cas. 1914C, 172; Denison v. McNorton (C. C. A. 6), 228 Fed. 401, 408, 142 C. C. A. 631.

The judgment must be affirmed.