## Orms *v.* Traction Bus Co., Appellant.

Argued March 25, 1930.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*J. Earl Ogle, Jr.,* for appellant, cited: Paynter v. R. R., 62 Pa. Superior Ct. 455; Blew v. Transit Co., 227 Pa. 319; Zolden v. Traction Co., 94 Pa. Superior Ct.

191; Lonzer v. R. R., 196 Pa. 610; Cohen v. Transit Co., 228 Pa. 243; Patterson v. Ry., 210 Pa. 47; Kreamer v. R. R., 214 Pa. 219.

*Frank P. Barnhart,* for appellee, cited: Meier v. R. R., 64 Pa. 225; Paynter v. R. R., 62 Pa. Superior Ct. 455; P. R. R. v. Weiss, 87 Pa. 447; McCafferty v. R. R., 193 Pa. 339; Kane v. Phila., 196 Pa. 502; Doud v. Hines, 269 Pa. 182.

OPINION BY MR. JUSTICE KEPHART, May 27, 1930:

The transportation of passengers by motorbuses is the business of a common carrier. Appellant was so engaged when the appellee was injured as a passenger on one of its buses. The injury occurred while his arm rested on a window sill, the sash falling on and severely injuring that member. Damages were recovered in the court below which that court refused to disturb on a motion for judgment n. o. v. The assignments in this appeal do not raise any trial mistakes; but appellant plants its right to a reversal on the refusal of the court below to grant judgment n. o. v.

Appellee contends that the doctrine of res ipsa loquitur applies. Prima facie, where a passenger on a common carrier is injured, without fault of his own, by the carrier, its employees or anything connected with the appliances of transportation, a legal presumption of negligence is cast on the carrier which it must disprove: Meier v. P. R. R. Co., 64 Pa. 225; Fern v. P. R. R. Co., 250 Pa. 487; Johnston v. Director General, 286 Pa. 166. But, as stated in Blew v. P. R. T. Co., 227 Pa. 319, it is not every injured passenger who can recover damages in an action against a common carrier transporting him at the time he sustains his injury. "No presumption of negligence arises merely from the fact that the plaintiff was injured while a passenger." The rule is limited by the manner in which the passenger received his injury. Where an accident is occasioned by a third person, or

some instrumentality outside the conveyance, the carrier is not responsible for the injury; there must be evidence tending to connect the carrier or some of the appliances with the injury: P. R. R. Co. v. MacKinney, 124 Pa. 462.

Windows in passenger cars, motorbuses or trolley cars are appliances of transportation. They are installed for the comfort and convenience of the traveling public and are frequently handled by passengers, particularly in the summer time. The carrier should adopt every reasonable safeguard generally known to protect the traveling public, and it must be conceded that if this were done the window could be so constructed that it would not fall unless it became defective, or unless some third person interfered with the mechanism. Here the spring catch on the side of the sash could rest on a series of notches each an inch or so apart, in all eight or ten notches on the side; the window could be raised ten inches or higher. The spring catch was operated by two small arms or projections and a spring, and it is admitted that if they were working properly the window could not fall. As pointed out above, if a third person made it possible for the window to fall, the carrier would not be responsible, and when that appeared the carrier would be relieved of liability, as, for example, where it was proved that a passenger had inserted a tooth-pick or gum in the spring catch so it would not operate. There was, however, no evidence of such a state of facts.

When the sash fell and the passenger attempted to raise it from the injured arm, he found these small arms pressed together, and the slot or catch drawn away from the notches on the side; this permitted the window, when raised, to fall down either from its own weight, or from any jerk or sudden movement of the bus, such as occurred in this case. This situation would ordinarily give rise to the presumption that the spring was not working, therefore defective, and showed negligence on the part of the carrier. Appellee testified, in speak-

ing of the two small arms, "I could not squeeze the latch together......they [the arms] were together; there was no squeeze to it." When they were in this position, the catch, which operated as a stop, was clear of any of the notches on the side on which it rested when in place. If the arms were so close together that they could not be moved or squeezed further, it indicated that the latch was not working properly, and this is the fair inference from defendant's testimony. The point of dispute comes from the testimony of defendant that the latch, on being examined shortly thereafter, was working properly. This raised a question of fact for the jury to pass on. While appellee's testimony on this phase of the case at certain parts was not quite as definite as the statements from which we quote, yet it was the province of the jury to reconcile the evidence: Giles v. Bennett, 298 Pa. 158; Cronmuller v. Evening Telegraph, 232 Pa. 14.

The cases holding to an apparently different doctrine (see Faulkner v. Boston & Maine R. R., 187 Mass. 254, 72 N. E. 976; Strembel v. Brooklyn Heights R. R., 110 App. Div. 23, 96 N. Y. Supp. 903; Boucher v. Boston & Maine R. R., 76 N. H. 91; 79 Atl. 993; and Annotation, 29 A. L. R. 1262) on examination are distinguishable by the type of window there involved; there was in each case the old-fashioned, single-catch window, the fall of which might with equal certainty be attributed to the failure of some passenger to raise the sash to the height at which the latch would become engaged, as to negligence on the part of the carrier.

Appellant offers the testimony of its inspectors. This testimony was entitled to great weight. Ordinarily it would be sufficient to cause a new trial to be granted in the court below, but, as no question of trial error is raised, we cannot consider it. We held in Shaughnessy v. Director General, 274 Pa. 413, that, no matter how clear the testimony of defendant may be in meeting the burden of proof cast upon it under like cases, where

it is oral evidence, it must be submitted to the jury. Such being the case, we can do nothing but affirm the judgment.

Judgment affirmed.