Myers, J.
 

 The question is whether defendant, a common carrier, under the circumstances was required to exercise only ordinary care or the highest degree of practicable care for the safety of plaintiff, a passenger on one of its buss'es. The trial court held that defendant was required to exercise the highest degree of practicable care, and this ruling was affirmed by the Court of Appeals.
 

 It is generally recognized that a common carrier is required to exercise more than ordinary care for the safety of its passengers. Once the passenger enters' a conveyance he relies upon the care exercised by the owner and operator thereof. The passenger^ submits his safety to the control and supervision of the conveyance Tby the operator. Not only must the common carrier see that the equipment is' safe but it is also charged with the responsibility of keeping it free from refuse and material likely to cause harm to passengers. This is especially true with reference to the floor of a conveyance used by passengers while the vehicle may be in motion.
 

 The degree of care required of a common carrier is set forth in
 
 4
 
 Ruling Case Law, 1144, as follows': “What degree of care a carrier must observe for the safety of a passenger, to exonerate it from liability for injury, is a question of law, and the generally accepted rule on this point is to the effect that carriers of passengers are bound to exercise the highest degree of care, vigilance and precaution.”
 

 In Volume 10 of Corpus Juris', page 856, Section
 
 *122
 
 1296, we find the following: “In a great majority of the cases it is stated that the carrier, particularly in case of a railroad company, must exercise the utmost care and diligence, or the highest degree of care, prudence, and foresight for the passenger’s safety; or by another form of expression, the highest degree of care which would be used by a person of great prudence in view of the nature and the risks of the business under the same or similar circumstances.”
 

 Carriers of passengers for hire are bound to use the utmost care and diligence in providing for their safety.
 
 Chicago, Burlington & Quincy Rd. Co.
 
 v.
 
 George,
 
 19 Ill., 510.
 

 The controversy in this case makes it necessary to determine whether under all the facts and circumstances the trial court was' right in the ruling that defendant owed to plaintiff the highest degree of practicable care for her safety. In order to decide this question it becomes necessary to review the issues of fact presented to the jury.
 

 The plaintiff alleged in her petition that defendant knew that banana peelings had been thrown about in the bus. In support of that allegation evidence was adduced to the effect that when the driver of the bus was assisting the plaintiff, after she had fallen, he said “Those damn kids have been eating bananas and throwing them around.” Witnesses for the plaintiff also testified that by means of an overhead mirror the driver of the bus was able to see not only to the rear of the bus but also the floor thereof. The truth of the foregoing statements' was directly controverted by the driver of the bus. The driver testified that he did not make the statement attributed to him, that he had no knowledge of the banana peelings being thrown about the bus and that furthermore, during the progress of the trip, he was kept busy not only by the driv
 
 *123
 
 ing of the bus but by attention to passengers entering and leaving the conveyance at various stops.
 

 It is with particular reference to the foregoing issues of fact that the defendant claims that the trial court committed prejudicial error in refusing to charge the jury before argument as follows: “Members of the jury, I say to you as a matter of law that you cannot charge the defendant with knowledge of the presence of the banana peel unless plaintiff proves by the greater weight of the evidence that the defendant’s driver actually knew of its presence, or that the peel had been on the floor of defendant’s bus for a long enough period of time that the operator should have, in the exercise of ordinary care, known of its presence and had a reasonable opportunity to remove it.” The trial court refused to give this charge to the jury for the reason that it would have required only ordinary care for the discovery and removal of said refuse material.
 

 Irrespective of the general rule requiring the highest degree of care by a common carrier, defendant urges that in the
 
 knowledge
 
 or
 
 discovery
 
 of the
 
 presence
 
 of the banana peel in the aisle of the bus it was bound to exercise only ordinary care. The driver testified that before beginning the particular trip he had thoroughly inspected the bus at the terminal. By reason of this fact and the driver’s attention to passengers entering and leaving the bus at the front door near his seat, defendant maintains that the driver had exercised ordinary care and that no higher degree of care was necessary under the circumstances. In this connection defendant places particular reliance on the case of
 
 Casale
 
 v.
 
 Public Service Co-Ordinated Transport Co.,
 
 10 N. J. Misc., 611, 160 A., 326, where in reversing a judgment for the plaintiff the court said: ‘ ‘ The company is not required to keep up a continuous inspection. The driver of the bus, after the trip began, had other duties demanding his constant at
 
 *124
 
 tention, and the presence of a banana peel dropped by a passenger in the course of the trip, unless reasonable opportunity of inspection during the trip were afforded, could hardly be sufficient to charge the defendant with negligence.” In that case, as in this, there had been an inspection of the bus by the driver before the trip began but not during the trip. Upon the facts presented in the
 
 Gasale case
 
 the court there followed the ruling in
 
 Proud
 
 v.
 
 Philadelphia & Reading Rd. Co.,
 
 64 N. J. Law, 702, 46 A., 710, 50 L. R. A., 468, and
 
 Hunter
 
 v.
 
 Public Service Ry. Co.,
 
 105 N. J. Law, 300, 144 A., 305.
 

 However, the instant case may readily be distinguished from the foregoing decisions. Here we have issues of fact additional to the mere presence of refuse material on the floor of the bus. Here we have the testimony and knowledge by other passengers that banana peelings were being thrown about the bus by the children, on the trip from the park, before the plaintiff entered the bus. Certainly the driver and sole operator of a public conveyance carrying children and others for hire may be charged generally with some knowledge of what is transpiring thereon, especially in view of the further testimony that by means of the large mirror overhead he was able to see not only to the rear of the bus but practically everything of consequence going on within. We have here, therefore, additional circumstances entirely beyond those found in the
 
 Gasale
 
 and like cases. These additional issues of fact as to knowledge by the driver having been left to the jury for determination and a verdict having been returned for the plaintiff, it is reasonable to assume that the jury found the preponderance of the evidence on these issues in favor of the plaintiff.
 

 The aforesaid issues were specifically covered by the trial court in its general charge to the jury. In respect to knowledge the court said that if the driver did not know the banana peel was on the floor he had
 
 *125
 
 no duty to remove it. But with respect to the duty owing to plaintiff as a passenger, the trial court properly instructed the jury that the highest degree of practicable care under the circumstances was required. It is the duty of a carrier of passengers to exercise the highest degree of care and caution approved by human experience, consistent with the nature, extent, and operation of its business.
 
 Memphis Street Ry. Co.
 
 v.
 
 Bobo,
 
 232 F., 708. In the case of
 
 Indianapolis & St. Louis Railroad Co.
 
 v.
 
 Horst,
 
 93 U. S., 291, 23 L. Ed., 898, the third paragraph of the syllabus reads as follows: “In an action against a railroad company for injuries received by a passenger upon its road, it is not error for the court to instruct the jury, ‘that a person taking a cattle-train is entitled to demand the highest possible degree of care and diligence, regardless of the kind of train he takes.’ ”
 

 Defendant places considerable stress on the decision in
 
 Bassell
 
 v.
 
 Hines,
 
 269 F., 231, 12 A. L. R., 1361, where a passenger fell or tripped over a hassock in an aisle of defendant’s train and sustained injury. The defendant claims that the rule of ordinary care there applied should govern the instant case. There is a clear distinction, however, between these two cases. In the case of
 
 Bassell
 
 v.
 
 Hines
 
 there was no evidence tending to prove that any employees of the railroad had any knowledge of the hassock being where a passenger might stumble over it. Here, however, as the late Judge Roberts pointed out in the opinion of the Court of Appeals: “The cause of action of the plaintiff is based upon the alleged knowledge of the operator of the bus and not of a defective or dangerous condition unknown to the operator wherein liability would not develop until such length of time had intervened as to justify a presumption of knowledge.’ ’ Where an operator of a conveyance of a common carrier has knowl
 
 *126
 
 edge of a possible peril there is a greater degree of care required than otherwise. “It is the duty of a railroad company to exercise the highest degree of care in the carriage of passengers;”
 
 Cleveland, C., C. & I. Rd. Co.
 
 v.
 
 Manson,
 
 30 Ohio St., 451.
 

 Even though plaintiff in her petition did not allege failure of the defendant to exercise the highest degree of practicable care for the removal of said banana peelings or other refuse, such omission would not estop the plaintiff from having the correct rule of law applied to the facts in the instant case. An allegation of a conclusion of law is not binding either on the pleader or court.
 
 Continental Supply Co.
 
 v.
 
 Fisher Oil Co.,
 
 150 La., 890, 91 So., 287. What degree of care is required of a common carrier is a question of law.
 
 Chicago & Alton Rd. Co.
 
 v.
 
 Pittsburg,
 
 123 Ill., 9, 14 N. E., 22, 5 Am. St. Rep., 483. But whether such care has been exercised by the carrier is a question of fact for the jury.
 
 Galena & Chicago Union Rd. Co.
 
 v. Yarwood,
 
 17
 
 Ill., 509, and
 
 Anjou
 
 v.
 
 Boston Elevated Ry. Co.,
 
 208 Mass., 273, 94 N. E., 386. Plaintiff, in her petition, pleaded the ultimate facts showing defendant to be a common carrier, and by virtue thereof at the close of the trial was entitled to have the court instruct the jury as to the degree of care required of a common carrier in carrying passengers for hire. Irrespective of the fact that plaintiff used the phrase “in the exercise of ordinary care” in her petition, she was nevertheless entitled to have the jury instructed as to the correct rule of law. In the instant case, plaintiff was entitled to have the court instruct the jury that in the inspection of the bus and in the duty of keeping it free from refuse and material likely to cause injury to passengers, defendant was required to exercise the highest degree of practicable care under the circumstances. This does not necessarily mean that the defendant was required to keep up a continuous inspection especially where the driver and sole operator of the bus was gen
 
 *127
 
 erally busy with other duties, but'it does mean that where banana peelings were being thrown about the bus by the children, to the knowledge of other passengers, and where by means of the mirror overhead the driver could see to the rear as testified to by the witnesses, more than ordinary care was required. The carrier does not insure the safety of the passenger, nor is it to be held responsible for unforeseen happenings over which it has no control, but in respect to the floor of the conveyance the defendant company did owe to the passenger, as the trial court stated, “the highest degree of skill and practicable care in the operation of its busses that may be reasonably expected of intelligent and prudent persons engaged in that business in view of the instrumentalities employed and the dangers naturally to be apprehended and that is reasonably consistent with the practical operation of the company’s busses.”
 

 The trial court, in its general charge, dwelt at some length upon the question of whether the defendant carrier, through its driver, had actual knowledge of any possible danger. We quote the following from his charge: “What does the evidence show as to whether or not first, that there was a banana peel? Second, did the servant or agent or the operator of the bus know of the presence of that banana peel at that time and place, and what did he do or not do in the exercise of the care that is required as indicated, if he knew, in removing it? If he did not know it was there he was under no obligation to remove it of course. What did he do or not do in the exercise of ordinary care in making inspection of the bus at reasonable periods during the operation of the bus? What did he do or not do in warning this plaintiff, or was it necessary to warn her of the condition of the floor at that time and place?” By the foregoing the trial court told the jury that defendant was required to exercise only ordinary care in making inspection of its bus. This instruction
 
 *128
 
 as to ordinary care was not prejudicial to the defendant but to the plaintiff. In all other respects the court charged the jury that the defendant was required to exercise the highest degree of practicable care for the safety of plaintiff as a passenger. Neither in this nor in any other respect do we find any error in the record prejudicial to the defendant.
 

 The' judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams and Gorman, JJ., concur.
 

 Matthias, J., concurs in the judgment.
 

 Day and Zimmerman, JJ., dissent.